Vogel v. Brown Township.

| 112 | 299 |
| 112 | 317 |
| 113 | 502 |
| 112 | 299 |
| 127 | 80 |
| 112 | 299 |
| 131 | 593 |
| 112 | 299 |
| 136 | 610 |
| 112 | 299 |
| 149 | 99 |
| 150 | 16 |
| 112 | 299 |
| 159 | 643 |

No. 12,919.

## VOGEL v. BROWN TOWNSHIP.

JUDGMENT. — *Township.* — *Misnomer.* — A judgment against "Brown *Civil* Township" is not void on account of the inaccuracy in the name of the political corporation.

SAME.—*Failure to Plead Misnomer.*—*Estoppel.*—Where a writ is served on a party, individual or corporate, by a wrong name, if there is a failure to appear and plead the misnomer, such party is concluded, and in all future proceedings may be connected with the judgment by proper averments.

SAME.—*Default.*—*Failure to Call Defendant.*—A failure to call a party before entering a default is a mere irregularity, and not a material error.

SAME.—*Summons Against Township Trustee.*— *Void Judgment Against Township.*—A summons against "Valentine Strange, trustee of Brown Civil Township," is not a writ against the township, but against its agent merely, and will not support a judgment against the township.

From the Martin Circuit Court.

*T. J. Brooks, S. M. Reeve, E. Moser* and *H. Q. Houghton,* for appellant.

*W. R. Gardiner, S. H. Taylor* and *J. T. Rogers,* for appellee.

ELLIOTT, J.—The object of this suit is to set aside a judgment obtained by the appellant in April, 1884.

One point upon which the appellee's counsel rest their case is, that the judgment is void because it is based on a complaint against Brown Civil Township. There is no substantial merit in this contention. The addition of the word "civil," while it created an inaccuracy in the name of the political corporation, did not render the judgment void. We have very many decisions defining and declaring the difference between civil and school townships, and it is by no means uncommon to speak of an ordinary township as a civil township. The word "civil" correctly describes the township, and no one could have been misled or prejudiced by its use.

The general rule is, that if the writ is served on the party by a wrong name, and he fails to appear and plead the misnomer, he is concluded, and in all future proceedings may be connected with the judgment by proper averments. *First National Bank* v. *Jaggers*, 31 Md. 38; *Smith* v. *Patten*, 6 Taunton, 115.

This rule applies to corporations as well as to natural persons. *Lafayette Ins. Co.* v. *French*, 18 How. 404; *Bloomfield R. R. Co.* v. *Burress*, 82 Ind. 83.

The failure to call the appellee before entering a default was a mere irregularity, and is not, even on appeal, considered as a material error. *Doherty* v. *Chase*, 64 Ind. 73.

The summons issued in the original action was against "Valentine Strange, trustee of Brown Civil Township, Martin county, Indiana." This can not be regarded as a writ against the township. Strange, although the trustee, was not the township. At most he was its special agent, with naked statutory powers. *Union School Tp.* v. *First Nat'l Bank*, 102 Ind. 464; *Bloomington School Tp.* v. *National, etc., Co.*, 107 Ind. 43.

Unless it is otherwise expressly declared by law, it is the people of a locality who constitute the political corporation,

and not the officers chosen by them. *City of Valparaiso* v. *Gardner*, 97 Ind. 1; Grant Corp. 357; *Lowber* v. *Mayor*, 5 Abbott Pr. Rep. 325; *Clarke* v. *City of Rochester*, 24 Barb. 446.

It is apparent, therefore, that the utmost that can be granted the appellant is, that he asked and obtained a writ against the agent, and not against the principal. This, certainly, will not support a judgment against the principal, for the general rule—and it is an elementary one—is, that the summons must issue against the principal, and not against the agent. Here there is no summons against the township, and, consequently, no legal notice, for the summons does not purport to be directed against the corporation.

The fact that knowledge of the action was possessed by the trustee will not avail, for his principal, the governmental corporation, was entitled to be notified as the law directs. It is, indeed, held by respectable authority that knowledge on the part of the defendant himself will not supply the place of a summons. *Peabody* v. *Phelps*, 9 Cal. 213; Wade Notice, section 1146.

Judgment affirmed.

Filed Nov. 17, 1887.