No. 16,584.

### KINGEN *v.* STROH.

ESTOPPEL.—*Summons.*—*Misnomer.*—*Failure to Plead.*—*Judgment.*—If a summons is served on the right party by a wrong name, and he fails to appear and plead to the misnomer, he is concluded by the judgment rendered against him.

EXEMPTION FROM EXECUTION.—*Sheriff's Sale.*—*Action to Set Aside.*—*Necessary Allegation.*—*Householder.*—In an action to set aside a sheriff's sale of land, under the claim that the land was exempt from execution, the plaintiff being a householder of the State, it is not enough to allege that the plaintiff was a householder at the time of the filing of the complaint, but the complaint should show that plaintiff was entitled to exemption at the time of the sale.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellant.

*P. S. Kennedy* and *S. C. Kennedy,* for appellee.

COFFEY, J.—This was an action by the appellant against the appellee, in the Montgomery Circuit Court, to set aside a sheriff's sale of real estate.

The court sustained a demurrer to the third paragraph of the complaint, and the correctness of this ruling is the only matter called in question in this appeal.

The third paragraph of the complaint proceeds upon the assumption that the judgment upon which the sale was made was not valid because the appellant was sued by a wrong name, and that the sale was void because the appellant was not the owner of an amount of property equal in value to the sum allowed a resident householder as exempt from execution.

The general rule is, that if the writ is served on the right party by a wrong name, and he fails to appear and plead the misnomer, he is concluded by the judgment rendered against him. *Vogel* v. *Brown Township,* 112 Ind. 299.

We think the judgment upon which the sale in question was made is a valid judgment.

The complaint fails to allege that the appellant was, at the time the execution upon which the land was sold was in the hands of the sheriff or at the time of the sale, a resident householder of the State. It alleges that she was such householder at the time of filing the complaint, but how long prior to that time she had been a householder does not appear.

We think it should have been shown that she was entitled to the exemption at the time of the sale. *Phenix Ins. Co.* v. *Fielder*, 133 Ind. 557.

The court did not err in sustaining a demurrer to the third paragraph of the complaint under consideration.

Judgment affirmed.

Filed Feb. 20, 1894.