NICOLASA SUÁREZ, ETC., ET AL., Plaintiffs and Appellees, v. SUCCESSION OF BRUNO LANAUSSE, ETC., Defendant and Appellee.

No. 5641.   Argued May 18, 1931.—Decided May 29, 1931.

*Miguel Bahamonde* for appellant.   *José Q. Torres Sallaberry* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an action of filiation instituted by ''Nicolasa Suárez on behalf of her minor sons, Santos Suárez, Domingo Suárez, and Felipe Suárez, against the Succession of Bruno Antonetti consisting of his sister Josefina Lanausse.'' Josefina Lanausse was personally served with summons in her representative capacity above stated on October 28, 1930. She failed to answer, and her default was entered. The case was set for trial on December 12, 1930. Only the plaintiffs appeared. Part of the evidence was heard and the case was left open for the introduction of documentary evidence. It seems that the latter revealed that the correct name of the ancestor was not the one stated in the complaint, and that pleading was amended thus: ''Nicolasa Suárez on behalf of her minor children, Santos Suárez and Domingo Suárez; Felipe Suárez in his own behalf, v. Succession of Bruno Lanausse, consisting of his sister, Josefina Lanausse.'' On January 16, 1931, the court rendered a judgment in favor of the plaintiffs. Thereupon the defendant took the present appeal and has assigned as error that the court had entered the judgment based on a substantially amended complaint of which the defendant had not been notified.

The question raised is a new and interesting one in this jurisdiction.

There is no doubt that the defendant was served with a copy of the alleged complaint, that she failed to answer,

and that her default was entered. In these circumstances, the case could have been tried without her appearance and a judgment entirely valid rendered against her.

The question is whether, the complaint having been amended without serving notice thereof on the defendant, a judgment could be rendered against the latter.

Corpus Juris, in referring to amended pleadings, in the chapter which treats of the subject of judgments by default, states the applicable rule thus:

"Where the declaration or complaint is amended in matter of substance after defendant has defaulted, the amendment opens the case in default, and a valid judgment cannot thereafter be entered on the default, unless the defaulting defendant is properly notified of or served with the amended pleading and given an opportunity to plead, and then fails to do so within the proper time. Where, however, the amendment is not as to a matter of substance, but only as to an immaterial or formal matter, notice or service of the amendment is not necessary before entering judgment by default." 34 C. J. 157.

Are there involved here amendments as to matters of substance? The capacity in which plaintiff Nicolasa Suárez appeared was changed as regards one of her sons, and the description of the plaintiffs and of the defendant was changed, the former now suing, not as the children of Bruno Antonetti, but as the children of Bruno Lanausse; and the latter being described as the Succession of Bruno Lanausse instead of the Succession of Bruno Antonetti. The appellant says nothing in regard to the first amendment. As regards a portion of the second amendment, the gist of her argument may be found in the following paragraph of her brief:

"It is true that the defendant was summoned but such summons referred to a complaint which she was not bound to answer lest she should expose herself unnecessarily to an action, since she did not constitute the succession of any Bruno Antonetti. But when the action was changed and brought in due form, when her intervention was then required, how could she defend the action if she was not notified of the amended complaint? (P. 8 of the transcript.) Must

I expose unnecessarily to an action wherein it is alleged that I constitute the succession of my brother, Juan Sánchez, and an acknowledgment is sought in favor of certain persons claiming to be his children, if I have no brother bearing that name? Can my silence, when originally sued, be construed in the sense that I have no defense against an amended complaint in which it is alleged that I constitute the succession of my brother, Juan Bahamonde?''

Neither the appellant nor the appellee cite any specific jurisprudence in regard to amendments relating to the names of the parties. We find the following in the same volume of Corpus Juris dealing with judgments by default:

"As a general rule a judgment by default may be taken against such persons only as are properly named or described as parties in the complaint, and who have appeared or been properly served with process; and not against persons who are not so named or described, although they have been served with process; nor against persons who are not otherwise made parties to the action.

"A judgment by default should be taken against defendant in his real name, and a judgment taken against a person sued and served by a fictitious name is irregular, unless the declaration or complaint is amended by the insertion of his true name." 34 C. J. 149–150.

We have examined the cases supporting the text but none of them are identical with or even similar to the case at bar. In one of them, *Kinger* v. *Stroth*, 136 Ind. 60, 36 N. E. 519, citation is made of the case of *Vogel* v. *Brown Tp.*, 112 Ind. 299, 14 N.E. 77, as holding that "the general rule is that if a writ is served on the right party by the wrong name and he fails to appear and plead the misnomer, he is concluded by the judgment rendered against him."

The above rule might favor the plaintiffs in the present case. However, the safest way under the circumstances would seem to be to follow the fundamental principles of procedure requiring that amendments as to matter of substance should be served even on a defaulting party; and here the change of the name must be considered as a substantial amendment, since the defendant may rightfully allege that she was never

called upon to answer as the successor of her brother, Bruno Lanausse, known as Antonetti. The correct procedure required the service of notice.

If the plaintiffs, instead of waiting until the last moment for preparing their documentary evidence, had had the same ready in time, they might have proceeded to trial on the amended complaint and could have complied with the requirement as to service without any difficulty.

Therefore, the judgment appealed from must be reversed and the case remanded to the district court for further proceedings not inconsistent with this opinion.