MOORE *v.* AMERICAN NATIONAL BANK AT INDIANAPOLIS.

[No. 17,209.  Filed January 19, 1944.  Rehearing denied February 7, 1944.  Transfer denied March 7, 1944.]

*E. Louis Moore,* of Indianapolis, for appellant.

*John G. Rauch* and *James R. Chase,* both of Indianapolis, for appellee.

CRUMPACKER, C. J.—This appeal is pending on the appellee's verified motion to dismiss supported by affidavits, the factual contents of which are undisputed. The burden of said motion is to the effect that the

judgment from which this appeal is taken was entered by agreement of the parties in open court, and that the appellant has accepted and received the benefits of said agreement in which the judgment involved has its source.

The facts as we gather them from the record and said affidavits are as follows: The action out of which this appeal grows involves the relationship of landlord and tenant and is for the possession of real estate and damages for the unlawful detention thereof. It was filed in the Municipal Court of Marion County, Room No. 1, by the appellee as the landlord against the appellant as the tenant. On June 30, 1943, the appellant appeared in said court and filed a verified motion for a change of venue from the regular, acting and qualified judge thereof which motion was, on the same day, overruled by the court and a change of judge denied. The cause was reached for trial on July 2, 1943, at which time both parties were present in open court. Before commencement of the trial it was agreed by and between the appellant and appellee that the trial of the cause should be continued until September 1, 1943, during which time the appellant would seek and find other space into which he would move his office on or before said date and thereupon deliver to the appellee prompt and peaceful possession of the property here involved. That until September 1, 1943, the appellee would not disturb the appellant in the possession of the office space in controversy and in the meantime said appellant would pay to the appellee, commencing on July 2, 1943, the sum of $15.00 per month to apply on the liquidation of damages until a total sum of $400.00 had been so paid, whereupon the appellee would acknowledge its claim for damages to be fully satisfied. If the appellant was still in possession of the

disputed office space on September 1, 1943, the cause would then be submitted to the court and a judgment for the appellee for possession and $500.00 damages entered by consent of the parties. The court thereupon, towit, July 2, 1943, entered the following order: "Trial called. Plaintiff and defendant in person and by agreement cause continued to September 1, 1943 for entry of agreed judgment for possession of real estate and 500.00 dam." That in compliance with the above agreement the appellee permitted the appellant to remain in the quiet possession of the disputed premises and the appellant in turn made two installment payments of $15.00 each on July 2, and August 2, 1943, after which he refused to pay further and failed to vacate and deliver possession of said office space on September 1, 1943, as per his agreement. On September 3, 1943, with both parties in open court, the regular judge thereof caused the following judgment to be entered of record:

"Comes now, the parties and by agreement this cause is submitted to the court for finding and judgment and the court being duly advised in the premises finds for the plaintiff and against the defendant E. Louis Moore that the plaintiff recover $500.00 damages and costs herein.

"It is therefore considered and adjudged by the court that the plaintiff have and recover of and from the defendant E. Louis Moore the sum of $500.00 and costs herein expended and taxed at $_____ with _____ relief from valuation and appraisement laws.

together with the possession of the real estate described in the complaint as follows towit: Lots 1 and 2 in square 46 in the City of Indianapolis. That a certain building known as the Stewart Block is situated upon said real estate, at the southeast corner of Illinois and Ohio Streets, Indianapolis, Indiana. Room No. 208 on the second floor of said building."

From the above facts we think it clear that the judgment complained of was entered by agreement of the parties and that the appellant has accepted the benefits of the agreement upon which said judgment is predicated. It is a well settled rule that there may be no appeal under such circumstances. *Maiben* v. *Manlove* (1911), 48 Ind. App. 617, 96 N. E. 501; *Collins, Administratrix,* v. *Rose et al.* (1877), 59 Ind. 33. From the Maiben case we quote the following:

"After making an agreement and accepting benefits derived therefrom appellant is in no position to disregard it or to split it up and accept the part that is beneficial and reject that which does not now serve his purpose of securing a new trial as a matter of right.

"Where a judgment is entered by consent, or by compromise and agreement of the parties, and the court has jurisdiction of the subject matter, the parties are estopped from denying the validity of the judgment, and from prosecuting an appeal on account of any errors in the proceedings or judgment. (Citing cases.)

"It is an established principle of our law, that a party cannot prosecute an appeal, and thereby seek to reverse a judgment, the benefits of which he has voluntarily and knowingly accepted. Such acceptance of benefits waives any errors otherwise available, and estops him from procuring a reversal of the judgment. (Citing cases.)

"In this case, on the showing made, we conclude that the judgment was entered by the agreement of the parties, duly authorized, and that such agreement is shown by the record as well as by the motion to dismiss, and that appellant has accepted the benefits of the judgment, by remaining in possession of the premises in pursuance of the agreement of the parties and the judgment of the court. The motion of appellees is therefore sustained and the appeal dismissed."

The appellant distinguishes the above case from the one at bar in that there had been no motion and affidavit for a change of venue from the judge filed before the agreed judgment was entered. The fact that such a motion was filed in this case previous to the judgment, he contends, divested the regular judge of all jurisdiction in the matter further than to exercise mere ministerial duties necessary to effectuate the change of venue and that the entry of a judgment finally disposing of the controversy was wholly void.

We have examined the appellant's motion for a change of venue from the judge and are of the opinion that it is sufficient to satisfy the provisions of the statute as construed by numerous decisions of our courts and should not have been overruled. It must be conceded therefore that the judge, from whom the change of venue was asked, lost all jurisdiction in the matter except to perform his ministerial duties in connection therewith. Lost jurisdiction, however, may be restored to a court or the judge thereof by the consent of the parties. It was held in *Taylor* v. *The Atlantic & Pacific Railroad Company* (1878), 68 Mo. 397, that after a change of venue the jurisdiction of the court in which the action was originally brought may be so restored. In *Berlinger* v. *M. Zimmermann Co.* (1907), 104 N. Y. S. 407, 54 Misc. 246, a failure to set a date for trial within the time limited by statute resulting in loss of jurisdiction was held to be cured by an agreement of the parties to proceed. In the present instance the Municipal Court of Marion County retained jurisdiction of the cause and it seems clear to us that the right of the court to act in the matter through its regular judge was restored by the voluntary agreement of the appellant that such judge should act (1) in continuing the cause for final disposition

at a future date, and (2) by the entry of an agreed judgment in default of the appellant in the performance of the agreement under the terms of which the cause was continued.

The appellant contends that even though this be true his conduct amounts to nothing more than a waiver of his right to a special judge which waiver is wholly without consideration. It is not our understanding that the question of consideration is involved. Legal practice requires everyone to take advantage of his rights at the proper time and a neglect or failure to do so is considered a waiver of such rights. The intentional relinquishment of a known right, regardless of consideration, is a waiver of that right and in the case at bar the record and facts before us clearly indicate that the appellant knew that the court below was powerless to proceed legally because it was without a qualified judge through whom to act. With that knowledge he voluntarily submitted his cause to the court which proposed to and did act through its regular judge. Any rights he may have had to a special judge were thereby waived. As to the equities of the situation it is obvious that the alleged prejudice of the regular judge against the appellant and his cause in no manner enters the equation as all that such judge did was done at the direction and with the consent of the appellant and in furtherance of an agreement to which the appellant was a party and from which he derived and accepted material benefits.

Appeal dismissed.

NOTE.—Reported in 52 N. E. (2d) 513.