GLENNAR MERCURY-LINCOLN, INC., FORD MOTOR CO. *v.*
BETTY JOANNA RILEY.

[No. 2-574A105. Filed December 4, 1975. Rehearing denied January 6,
1976, Transfer denied June 10, 1976.]

*Louis Pearlman, Jr.*, of Lafayette, for appellant.

*Heide, Gambs & Mucker*, of Lafayette, for appellee.

SULLIVAN, P.J.—Defendant Glennar Mercury-Lincoln, Inc. (Glennar) appeals from the trial court's refusal to relieve Glennar (under Ind. Rules of Procedure, Trial Rule 60) from the court's previous order of default in plaintiff Betty Joanna Riley's action for personal injuries against Glennar and co-defendant, Ford Motor Co. Ford Motor Co. is not a party to this appeal.

We affirm.

Glennar attacks the trial court's refusal to set aside the default order on three grounds:

1. The trial court lacked jurisdiction to rule on Glennar's TR. 60 motion because of a pending motion for change of venue filed by co-defendant Ford after the default, but before the judgment thereon.

2. No service of process was had upon Glennar so that the court did not have jurisdiction over Glennar's person, and therefore the default order is "void" under TR. 60(B)(6).

3. Even if service of process was sufficient for in personam jurisdiction, Glennar lacked actual knowledge of the suit through no fault of its own, and therefore relief should be granted for "mistake, surprise or excusable neglect" under TR. 60(B)(1).

Plaintiff Riley was injured on April 29, 1971, when the Ford-produced car which she was driving crashed, allegedly as a result of brake failure. Riley had leased the car from Glennar and sought to impose liability on both it and Ford on theories of negligence and breach of implied warranty. The complaint was filed in the Tippecanoe Circuit Court on August 7, 1972.

Riley sought service upon Glennar by certified mail on August 7, 1972, pursuant to TR. 4.6(A)(1) (service upon domestic corporation permissible by service upon its resident agent), TR. 4.6(B) (service upon such agent in the manner of service upon individuals), TR. 4.1(A)(1) (service upon individuals by certified mail), and TR. 4.11 (mechanics of service by certified mail). A summons and a copy of the complaint were delivered to 20 South 6th Street, Lafayette, Indiana, which, according to its 1971 annual report (the most recent report on file with the Secretary of State at the time of the action) was Glennar's principal place of business. Both the caption of the summons and the entire complaint listed Glennar Mercury-Lincoln, Inc. as Ford's co-defendant, but the summons was addressed to "Glenn R. Pitman, Inc., 20 South 6th Street, Lafayette, Indiana."

The record reveals that Glenn R. Pitman, Inc. is a legally separate corporate entity from Glennar Mercury-Lincoln, Inc. Glenn R. Pitman, Inc.'s corporate records designate 5th and South Streets, Lafayette, Indiana, as that corporation's place of business. However, Glenn R. Pitman, Inc., like Glennar, maintains an office at 20 South 6th Street. Both corporations have the same resident agent, Glenn R. Pitman, whose office is at 20 South 6th Street, and both corporations are served by the same office staff, that staff being supervised on behalf of both corporations by Charles Galema.

Charles Galema's signature appears on the return receipt for the letter containing the summons and complaint. Galema, though technically an employee of Glenn R. Pitman, Inc., is authorized by Mr. Pitman to receive and sign for all certified mail addressed to either corporation. The receipt was signed by Galema as agent for Glenn R. Pitman, Inc., the envelope containing the documents being addressed to that corporation. The trial court found as a fact that normal office procedures were followed and the letter was delivered by Galema to the desk of Glenn R. Pitman, just as a letter addressed to Glennar Mercury-Lincoln, Inc. or to Glenn R. Pitman would have been.

Pitman denied ever seeing the summons or the complaint, and stated at the hearing on Glennar's TR. 60 motion that he did not learn of Riley's suit until after judgment was entered upon the default on June 27, 1973. The trial court, however, found as a fact, based on testimony from plaintiff's counsel and Pitman himself concerning a telephone conversation between the two prior to the September 6, 1972 default, that Pitman did have actual knowledge of Riley's suit prior to the default. The trial court found that Pitman's knowledge stemmed from his having received and read the summons and complaint.

Co-defendant Ford was served on August 7, 1972 by certified mail. After the trial court defaulted Glennar for failing to appear on September 6, and after evidence of damages

upon Glennar's default was heard on September 27, Ford, on October 5, 1972, filed its answer, a request for a jury trial and a motion for change of venue. No definitive action was taken on Ford's motion for change of venue, and the trial court heard additional evidence on March 29, 1973 as to the amount of damages due Riley from Glennar.

The trial court entered judgment for $108,000 (Riley had claimed $250,000) against Glennar on June 27, 1973. A newspaper account of the judgment appeared on July 2, 1973. Glennar's president, Henry Holer, testified that the newspaper article first gave him knowledge of Riley's action. Riley did not contradict Holer's testimony. On July 6, 1973, Glennar filed its TR. 60 motion, which attacked both the default order and the judgment—the order on grounds of insufficiency of service of process and the judgment on grounds of both insuffiicent process and lack of jurisdiction to enter judgment because of Ford's pending motion for change of venue.[1]

After hearing evidence and considering the arguments and briefs of counsel, the trial court issued a written opinion on November 28, 1973, granting partial relief on Glennar's TR. 60 motion. The court agreed with Glennar that it lacked subject jurisdiction to enter judgment on June 27, 1973, because of Ford's pending motion for change of venue. *See Michigan Mutual Liability Co.* v. *Perez* (1965) 137 Ind. App. 247, 207 N.E.2d 368. However, the court found that service of process upon Glennar in the manner described above was sufficient for the court to acquire jurisdiction pursuant to TR. 4.15 (F), and that therefore the default order was not "void" under TR. 60 (B) (6). The court further found that Glenn R. Pitman's actual knowledge of the action vitiated any claim of "excusable neglect" countenanced by TR. 60 (B) (1). In this appeal, Glennar disputes these last two findings, besides

---

1. Ford withdrew its motion for change of venue on December 5, 1973.

asserting the court's lack of jurisdiction to rule at all on the TR. 60 motion.[2]

## ASSERTION OF LACK OF JURISDICTION TO CONSIDER TR. 60 MOTION WAIVED BY GLENNAR

Glennar argues that, if Ford's pending motion for change of venue divested the trial court of jurisdiction to enter judgment against Glennar on June 27, 1973 under the rule of *Michigan Mutual Liability Co.* v. *Perez, supra,* 137 Ind. App. 247, 207 N.E.2d 368, the pendency of that motion necessarily deprived the court of jurisdiction to consider and rule on Glennar's TR. 60 motion on November 28, 1973. We hold that such argument is not cognizable.

In *Michigan Mutual, supra,* the general rule was recognized "that when a proper motion for change of venue from the county is filed, the court in which it was filed loses jurisdiction in the case." *Indianapolis Dairyman's Co-op* v. *Bottema* (1948), 226 Ind. 260, 265, 79 N.E.2d 409, 411. An exception exists to this general rule, however, "where the moving party to a motion for a change of venue, without first perfecting the change of venue, *voluntarily submits* the cause to the court which acts through its regular judge." *State ex rel. City of Indianapolis* v. *Superior Court of Marion County* (1955), 235 Ind. 151, 158, 128 N.E.2d 874, 877 (emphasis supplied); *see also Moore* v. *American National Bank at Indianapolis* (1944), 114 Ind. App. 551, 52 N.E.2d 513.

We hold that this exception to the general rule obtains when a co-defendant of the party who had filed a change of

---

2. The introductory language of TR. 60(B) clearly contemplates the possibility of severing an order of default from an entry of final judgment for purposes of TR. 60(B) relief: ". . . the court may relieve a party . . . from a final judgment, order, default or proceeding . . . ." The first sentence of TR. 60(C) makes the ruling of the court below appealable:

"A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment."

venue motion, voluntarily submits to the court. Having voluntarily filed its TR. 60 motion in the same court and before the same judge before whom Ford's TR. 76 motion was pending, Glennar cannot now be heard to complain that the court lacked jurisdiction to consider and rule upon that TR. 60 motion.

## SERVICE OF PROCESS UPON GLENNAR SUFFICIENT TO OBTAIN JURISDICTION; THEREFORE, DEFAULT ORDER NOT VOID

Glennar correctly asserts that an order of default against a party over whom the court has no jurisdiction is "void" within the meaning of TR. 60(B)(6). *See Clark* v. *Hillis* (1893), 134 Ind. 421, 34 N.E. 13; *Dobbins* v. *McNamara* (1887), 113 Ind. 54, 14 N.E. 887; *Krick* v. *Farmers & Merchants Bank of Boswell* (1972), 151 Ind. App. 7, 279 N.E.2d 254; *Roth* v. *Bonar* (1951), 122 Ind. App. 174, 101 N.E.2d 828; Civil Code Study Commission Comments to TR. 60, in 4 Harvey & Townsend, *Indiana Practice Rules of Procedure Annot.* 200-201 (1971); 4 Harvey & Townsend, *supra,* at 215. It is also true that a "court acquires jurisdiction over a party or person who under the rules . . . is served with summons. . . ." TR. 4(A). Hence where, as here, jurisdiction over the defendant is sought by service of summons, whether the judgment is "void" turns on whether the defendant was served with process effective for that purpose under the Ind. Rules of Procedure.

The trial court found that the service of process attempted upon Glennar was sufficient for the court to obtain jurisdiction over Glennar's person pursuant to TR. 4.15(F), which reads:

"(F) Defects in summons. No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond."

Glennar asserts that TR. 4.15(F) is inapplicable in this case because that provision "is substantially the same as prior Indiana law." 1 Harvey, *Indiana Practice: Rules of Procedure Annot.* 415 (1969); *see also* Civil Code Study Commission Comments to TR. 4.15(F), in 1 Harvey, *supra,* at 412. Under prior law, the rule was that "[i]f there has been absolutely no service upon an agent or person upon whom the statute authorizes service in the particular circumstances, [the matter could not be cured by a predecessor statute to TR. 4.15(F)] for that section presupposes that there has been at least some kind of service upon the party." *Southern Indiana R. Co.* v. *Indianapolis & L.R. Co.* (1907), 168 Ind. 360, 364, 81 N.E. 65, 66. Glennar asserts that there was absolutely no service upon it or its resident agent because the summons was addressed to Glenn R. Pitman, Inc.

Riley argues that TR. 4.15(F) *does* apply in this case because there was in fact "some kind of service" upon Glenn R. Pitman, Glennar's authorized agent to receive process, TR. 4.6(A)(1), and that the mistaken insertion of the term "Inc." following Pitman's name as addressee of the summons was merely a misnomer. With regard to misnomer, the general rule is that "if process is really served on the person intended to be sued, although a wrong name is given him in the writ and return, and he suffers a default, or omits to plead the misnomer in abatement, he is bound by the judgment rendered against him." 79 C.J.S. Judgments § 24g, p. 62; *see also Kingen* v. *Stroh* (1894), 136 Ind. 610, 36 N.E. 519; *Vogel* v. *Brown Twp.* (1887), 112 Ind. 299, 14 N.E. 77; *Johnson* v. *Patterson* (1877), 59 Ind. 237. The trial court implicitly accepted Riley's misnomer theory in stating that ". . . notwithstanding the defect in summons, under the provision of Trial Rule 4.15(f) of the Indiana Rules of Civil Procedure Defendant, Glennar Mercury-Lincoln, Inc., is bound by the order of default."

The trial court's ruling implies that, at least as to a resident defendant, service of process is sufficient under the rules if

the service meets the basic due process requirements for notice. Such implication is legally appropriate since the test for sufficiency of service of process under TR. 4.15(F) (service is sufficient if "reasonably calculated to inform . . .") is identical to the "elementary and fundamental requirement of due process . . . notice reasonably calculated, under all the circumstances, to apprise . . ." *Mullane* v. *Central Hanover Trust Co.* (1950), 339 U.S. 306, 314; *see also Walker* v. *Hutchinson* (1956), 352 U.S. 112; *Milliken* v. *Meyer* (1940), 311 U.S. 457; *Citizens Gas & Coke Utility* v. *Wells* (1971), 150 Ind. App. 78, 275 N.E.2d 323; 4 Wright & Miller, *Federal Practice and Procedure* 300 (1969).

If the summons or service thereof is *not* "reasonably calculated to inform . . .," the mere fact that the party served has actual knowledge of the suit does not satisfy due process or give the court in personam jurisdiction. *Wuchter* v. *Pizzutti* (1928), 276 U.S. 13; *Kadet-Kruger & Co.* v. *Celanese Corp. of America* (N.D. Ill. 1963), 216 F. Supp. 249. Conversely, if the summons and service thereof *are* "reasonably calculated to inform," the fact that the party served lacks actual knowledge of the suit does not defeat the jurisdiction thus acquired. *Smith* v. *Kincaid* (6th Cir. 1957), 249 F.2d 243; *Milosavljevic* v. *Brooks* (N.D. Ind. 1972), 55 F.R.D. 543. This is not to say that the actual knowledge of the party served is irrelevant to an inquiry under TR. 4.15(F) into the likely efficacy of the service—but knowledge cannot alone prove that the legal notice was sufficient to meet the test of TR. 4.15(F).

Literal compliance with Trial Rules 4 through 4.17 means effective service of process. TR. 4.15(F) establishes that substantial compliance with the rules can also be effective if the summons and service thereof are "reasonably calculated to inform. . . ." Because the literal requirements of Rules 4 through 4.13 represent the ideal as to "the mechanics

of preparing the summons . . . [and] the details of how each mode of service should be effectuated," (Civil Code Study Commission Comments, in 1 Harvey, *supra,* at 269), the reasonableness of the service actually employed should be measured by the degree of compliance with those specifics. Here the degree of compliance by Riley was so substantial that the trial court could have reasonably found that "[t]he means [of service] employed [were] such as one desirous of actually informing [Glennar] might reasonably adopt to accomplish it." *Mullane, supra,* at 315.

The summons' caption and the attached complaint listed Glennar Mercury-Lincoln, Inc. as Ford's co-defendant in plaintiff Riley's action. The address stated on the summons, 20 South 6th Street, Lafayette, was Glenn R. Pitman's business address as resident agent for Glennar, as well as being Glennar's corporate address. Glenn R. Pitman, Inc.'s address was 5th and South Streets, Lafayette. From these facts, the trial court could have reasonably concluded that Riley had actually intended to notify Glennar by service upon its resident agent, Glenn R. Pitman, pursuant to TR. 4.6(A)(1), TR. 4.6(B), and TR. 4.1(A)(1).

That the process and manner of service thereof was reasonably likely to inform Glennar of Riley's suit against it is obvious. The complaint's numerous references to Glennar as a defendant, the caption of the summons, the references in the printed body of the summons to the attached complaint and the summons' caption, the delivery of the documents to Glennar's office supervisor, and the office supervisor's delivery of the documents to the desk of Glenn R. Pitman, Glennar's resident agent, are facts pointing to the likely efficacy of the service of process. With regard to the addressee of the summons being named "Glenn R. Pitman, Inc.", the trial court was justified in finding that Glenn R. Pitman would likely see such a summons and, pursuant to his duty under TR. 4.16, notify Glennar. Finally, the trial court's

finding that Pitman did in fact have knowledge of the action inferentially supports the conclusion that the service was likely to inform.

This case is distinguishable from *Citizens Gas & Coke Utility* v. *Wells, supra,* wherein a mailed notice wrongly addressed by the utility to its customer was held *not* "reasonably calculated . . . to inform affected parties." 150 Ind. App. at 86, 275 N.E.2d at 328. In that case, the court noted that actual notice "must depend upon an alert postal employee for correction and rerouting. . . ." Here actual notice to Glennar depended solely on Glenn R. Pitman's opening and reading mail properly delivered to him, and then informing Glennar of the contents of that letter pursuant to his duty under TR. 4.16.

Our decision that the service of process upon Glennar in this case was sufficient to satisfy due process and obtain in personam jurisdiction constitutes a refusal to elevate form over substance. To do otherwise on these facts is to allow defendants to ignore service of process reasonably calculated to inform them of the litigation. TR. 1 states that our rules of procedure "shall be construed to secure the just, speedy and inexpensive determination of every action." It would contravene that policy to hold that service of process so substantially complying with the letter of the rules as to pass the bottom-line test of TR. 4.15(F) is not sufficient to obtain the jurisdiction over the person served necessary to prevent orders or judgments against him from being "void" under TR. 60(B)(6).

## NO ABUSE OF DISCRETION IN REFUSING RELIEF FOR "EXCUSABLE NEGLECT"

Glennar urges that even if service was sufficient for jurisdictional purposes so that the default order is not "void" under TR. 60(B)(6), it had no actual knowledge of the suit and therefore should be relieved under TR. 60(B)(1). Glen-

nar's excuse is that, even if the summons were received, "for some reason [i]t was not brought to anybody's attention." In support, Glennar cites *Kreczmer* v. *Allied Construction Co.* (1972), 152 Ind. App. 665, 284 N.E.2d 869, and *Continental Assurance Co.* v. *Sickels* (1969), 145 Ind. App. 671, 252 N.E.2d 439.

The trial court found as a fact that Glenn R. Pitman, Glennar's resident agent, had actual knowledge of Riley's action prior to the default, and, since no explanation was given as to why Pitman's knowledge did not produce an appearance by Glennar, held that Glennar's neglect in failing to appear within the time stated in the summons was inexcusable. Glennar asserts that the trial court's finding in this regard is not supported by the admissible evidence.[3]

We may reverse the denial of relief under TR. 60(B)(1) only when an abuse of discretion is shown. *Moe* v. *Koe* (1975), 165 Ind. App. 98, 330 N.E.2d 761. Appellate practice dictates that this court will not adjudge the credibility of witnesses or reweigh evidence on appeal. *Lou Leventhal Auto Co., Inc.* v. *Munns* (1975), 164 Ind. App. 368, 328 N.E.2d 734. The trial court's finding of actual knowledge on the part of Glenn R. Pitman therefore must stand. The court's determination that Pitman demonstrated no excuse for failing to promptly notify the directors of the corporation in time to prevent default, *see* TR. 4.16(B)(2), is supported by the record and does not constitute an abuse of discretion.

The judgment is affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 338 N.E.2d 670.

---

3. Glennar asserts herein that the testimony of one of plaintiff's attorneys of a telephone conversation between the attorney and Pitman, which tended to show Pitman's knowledge, was admissible. Having failed to include this assertion in its motion to correct errors, Glennar has waived this issue. TR. 59(G).