ATTORNEY FOR PETITIONER:
**JESSICA R. GASTINEAU**
OFFICE OF CORPORATION COUNSEL
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**JEFFREY T. BENNETT**
**BRADLEY D. HASLER**
BINGHAM GREENEBAUM DOLL LLP
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

FILED

Jan 11 2019, 3:15 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| MARION COUNTY ASSESSOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 18T-TA-00026 |
| ) | |
| STUTZ BUSINESS CENTER, LLC, ) | |
| ) | |
| Respondent. ) | |

### ORDER ON RESPONDENT'S
### MOTION TO DISMISS

**FOR PUBLICATION**
**January 11, 2019**

WENTWORTH, J.

Stutz Business Center, LLC has moved to dismiss the Marion County Assessor's appeal, claiming that the Court lacks subject matter jurisdiction because the Assessor failed to timely initiate his appeal and serve the petition directly on Stutz. Upon review, the Court denies Stutz's Motion.

### BACKGROUND

On September 17, 2018, the Indiana Board of Tax Review issued a final determination that permitted Stutz to withdraw its administrative appeal over the Assessor's objection. (Resp't Corr. Br. Supp. Mot. Dismiss ("Resp't Br.") at 1.) (See also

Pet'r Pet. Original Tax Appeal Final Determination Ind. Bd. Tax Review ("Pet'r Pet.") ¶¶ 3-4, Attach.)  On November 1, 2018, the Assessor filed a "Petition for Original Tax Appeal of a Final Determination of the Indiana Board of Tax Review" with the Clerk of the Tax Court challenging the Indiana Board's final determination.  (See generally Pet'r Pet.)  On the same day, the Petition was served by hand delivery on the Attorney General of Indiana, the Chairman of the Indiana Board, the Assessor, and the two attorneys that represented Stutz at the administrative level.  (Pet'r Pet. at 5.)  (See also Pet'r Resp. Opp'n Resp't Mot. Dismiss ("Pet'r Br.") at 1.)

On November 2, 2018, the Assessor provided the Clerk with a summons.  (Resp't Br. at 2; Pet'r Br. at 1.)  That same day, the Clerk mailed the summons and a copy of the Petition to:  "Stutz Business Center, LLC[;] 1036 North Capital Avenue[;] Suite C-200[;] Indianapolis, IN 46204[,]" return receipt requested.  (Resp't Br. at 2.)  On November 9, 2018, the Clerk received the return receipt.  (Resp't Br. at 2.)

On November 21, 2018, Stutz filed a Motion to Dismiss the Assessor's appeal for lack of subject matter jurisdiction together with its brief in support.  On December 10, 2018, after the matter was fully briefed, the Court took Stutz's Motion under advisement. Additional facts will be supplied when necessary.

**LAW**

Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, is conferred upon a court by either the Indiana Constitution or statute. Grandville Co-op., Inc. v. O'Connor, 25 N.E.3d 833, 836 (Ind. Tax Ct. 2015).  Although challenges regarding the timeliness of filings may be raised by motion under Indiana Trial Rule 12(B)(1) for lack of subject matter jurisdiction, the issues raised are "jurisdictional"

only in the sense that they involve the statutory prerequisites to docketing an appeal in the Tax Court. See Packard v. Shoopman, 852 N.E.2d 927, 931 (Ind. 2006). Consequently, challenges regarding the timeliness of filings, unlike true subject matter jurisdiction challenges, may be waived or procedurally defaulted if not timely raised. Id. at 929-30.

## ANALYSIS

### I. Whether the Assessor timely initiated an original tax appeal?

Stutz first argues that the Assessor's appeal must be dismissed because he failed to comply with all the requirements for initiating an appeal under Indiana Trial Rule 3 and Indiana Code § 6-1.1-15-5(c). (Resp't Br. at 3-5.) More specifically, Stutz explains that both provisions required the Assessor to provide the Clerk with the Petition and a summons no later than November 1, 2018, but he did not provide the Clerk with a summons until November 2, 2018. (Resp't Br. at 3-5; Resp't Reply Br. Supp. Mot. Dismiss ("Resp't Reply Br.") at 1-3.) Stutz, therefore, contends that the Assessor failed to timely initiate this appeal and his case should be dismissed.

Stutz's argument is premised on its claim that Trial Rule 3, which governs the commencement of civil actions in general, applies to the initiation of original tax appeals in the Tax Court because they are civil actions. (See Resp't Br. at 3 (citing Ind. Tax Court Rule 2 (providing that the forms of civil action in the Tax Court include "an original tax appeal arising under the tax laws of the State of Indiana by which an initial judicial appeal of a final determination of . . . the Indiana Board of Tax Review . . . is sought")).) Trial Rule 3 provides that

> [a] civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by

> statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

Ind. Trial Rule 3. Accordingly, to initiate an appeal pursuant to Trial Rule 3 a litigant must satisfy three requirements: 1) timely file the complaint or equivalent pleading, 2) timely file the prescribed filing fee or applicable waiver, and 3) contemporaneously provide the clerk with the appropriate process papers. See T.R. 3; see also generally Ray-Hayes v. Heinamann, 760 N.E.2d 172 (Ind. 2002) aff'd in part and rev'd in part on reh'g, 768 N.E.2d 899 (Ind. 2002). Trial Rule 3, however, does not control here.

The Tax Court has promulgated several rules to "govern the procedure and practice in all actions jurisdictionally cognizable" in its forum. Ind. Tax Court Rule 1. To that end, Tax Court Rule 3 governs the commencement of civil actions in the Tax Court: "[a]n original tax appeal from a final determination of the Indiana Board of Tax Review is commenced by filing a petition in the Tax Court and filing a written notice of appeal with the Indiana Board of Tax Review." Ind. Tax Court Rule 3(B). Accordingly, to initiate an original tax appeal pursuant to Tax Court Rule 3 a litigant need only satisfy two requirements: 1) file a petition in the Tax Court; and 2) file a written notice of appeal with the Indiana Board. Tax Ct. R. 3(B).

The plain language of Tax Court Rule 3 indicates that it differs from Trial Rule 3 because it does not require litigants to provide the clerk with the appropriate process papers in order to initiate an original tax appeal in the Tax Court. Compare Tax Ct. R. 3(B) with T.R. 3. See also Noble Cty. v. Rogers, 745 N.E.2d 194, 197 n.3 (Ind. 2001) (indicating that the rules of statutory construction apply to the interpretation of court rules of procedure); Allen Cty. Assessor v. Verizon Data Servs., Inc., 43 N.E.3d 705, 711 (Ind.

4

Tax Ct. 2015) (providing that the words and phrases in clear and unambiguous statutes should be given their plain, ordinary, and usual meanings), <u>review denied</u>. When, as in this instance, the Trial Rules are "clearly inconsistent" with the Tax Court Rules the more specific Tax Court Rule takes precedence. <u>See</u> Tax Ct. R. 1; <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Rogers</u>, 745 N.E.2d at 197 n.3 (providing that a specific court rule of procedure controls over a more general one on the same subject matter). Accordingly, pursuant to Tax Court Rule 3 and Indiana Code § 6-1.1-15-5(c), the Assessor was only required to file his Petition with the Tax Court and his notice of appeal with the Indiana Board within 45-days after the Indiana Board gave him notice of its final determination. <u>See</u> Tax Ct. R. 3(B); IND. CODE § 6-1.1-15-5(c) (2018).

The undisputed facts show that the Assessor's Petition and notice of appeal were filed with the Tax Court and Indiana Board within the statutorily required 45-day period. (<u>See</u>, <u>e.g.</u>, Resp't Reply Br. at 4 n.3.) Therefore, Stutz has not established that the Court lacks jurisdiction over the Assessor's appeal on this basis.

## II. Whether the Assessor timely served the Petition on Stutz?

Next, Stutz maintains that the Assessor's appeal should be dismissed because he failed to timely serve his Petition directly on Stutz. (Resp't Br. at 5-7.) Stutz explains that both Indiana Code § 6-1.1-15-5 and Tax Court Rule 3(D) required the Assessor to serve his Petition on Stutz directly on or before November 1, 2018, and by serving the Petition on Stutz's counsel of record for the administrative proceedings, he failed to comply with the statutory requirement. (<u>See</u> Resp't Br. at 5-7; Resp't Reply Br. at 3-6.) As a result, Stutz maintains the Assessor's appeal should be dismissed for lack of jurisdiction.

Indiana Code § 6-1.1-15-5 establishes the requirements that a party must follow in

order to initiate an appeal of an Indiana Board final determination in the Tax Court:

> (b) A party may petition for judicial review of the final determination of the Indiana board regarding the assessment or exemption of tangible property. In order to obtain judicial review under this section, a party must:
>
>> (1) file a petition with the Indiana tax court;
>>
>> (2) serve a copy of the petition on:
>>
>>> (A) the county assessor;
>>>
>>> (B) the attorney general; and
>>>
>>> (C) any entity that filed an amicus curiae brief with the Indiana board; and
>>
>> (3) file a written notice of appeal with the Indiana board informing the Indiana board of the party's intent to obtain judicial review.

See I.C. § 6-1.1-15-5(b), (e). The statute further provides that "a party must take the action required by subsection (b) not later than . . . forty-five (45) days after the Indiana board gives the person notice of its final determination, unless a rehearing is conducted under subsection (a)[.]" I.C. § 6-1.1-15-5(c). In turn, Tax Court Rule 3(D) provides:

> Copies of the petition . . . shall be served upon those persons designated by any applicable statute. A petitioner complies with this Rule by serving a copy of the petition in the manner provided by Trial Rules 4.1 through 4.11 as applicable. Copies of the petition shall be served upon public officers only in their official capacities.

Tax Ct. R. 3(D).

While Indiana Code § 6-1.1-15-5 is silent about how a litigant must serve the petition, Tax Court Rule 3(D) states that service is proper if copies of the petition are served in the manner provided by the applicable provisions of Trial Rules 4.1 through 4.11. Compare I.C. § 6-1.1-15-5 with Tax Ct. R. 3(D). To that end, Trial Rule 4.6 provides

6

that "[s]ervice upon a[ domestic or foreign] organization <u>may</u> be made . . . upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. Trial Rule 4.6(A)(1) (emphasis added). Accordingly, Indiana Trial Rule 4.6(A)(1) permits various methods of service on an organization that, when followed, constitute proper service.

The Assessor maintains that because he caused the Petition to be served on Stutz's attorneys, as its agents, he perfected service in accordance with Trial Rule 4.6(A)(1). (<u>See</u> Pet'r Br. at 1-3.) While the Court is not persuaded by the Assessor's argument, his technical failure to comply with the trial rules does not necessitate dismissal of this appeal because the plain language of Indiana Trial Rule 4.6(A)(1) provides a safe harbor, rather than a mandate. <u>See</u> T.R. 4.6(A)(1); <u>see</u> <u>also,</u> <u>e.g.</u>, <u>Beyer v. State</u>, 280 N.E.2d 604, 606 (Ind. 1972); <u>Board of Comm'rs of Daviess Cty. v. State ex rel. Galley</u>, 128 N.E. 596, 597 (Ind. 1920) (both explaining that "may" is generally understood to be permissive, not mandatory).

Here, the attorneys the Assessor timely served on November 1, 2018, represented Stutz during the nearly two-and-a-half year long administrative process. (<u>See</u> Pet'r Pet. ¶ 3, Attach. at 1, 10.) There are no facts indicating that the Assessor's counsel had reason to believe they would not continue to represent Stutz in the Tax Court action challenging the administrative decision. (<u>See</u> <u>generally</u> Resp't Br.; Resp't Reply Br.) Furthermore, there is no indication that Stutz's attorneys did not accept service of the Petition.[1] (<u>See</u> <u>generally</u> Resp't Br.; Resp't Reply Br.) Moreover, there is no indication that Stutz did not have timely knowledge of this appeal. (<u>See</u> <u>generally</u> Resp't Br.; Resp't

---

[1] By accepting service, Stutz's attorneys had a duty to deliver the Petition to Stutz or notify Stutz that the Petition was in their possession. <u>See</u> Ind. Trial Rule 4.16(B).

7

Reply Br.)

Stutz cites <u>Smith v. Johnston</u>, 711 N.E.2d 1259, 1263 (Ind. 1999) for the proposition that the Assessor's method of service was ineffective because Trial Rule 4 mandates that the Petition be served on the party rather than the party's attorneys in order to secure jurisdiction. (<u>See</u> Resp't Br. at 6-7 (citing <u>Smith v. Johnston</u>, 711 N.E.2d 1259, 1263 (Ind. 1999)).) That case is not applicable to the issues in this case because <u>Johnston</u> did not involve the propriety of a party's method of service. <u>See</u> <u>Smith</u>, 711 N.E.2d at 1262-65. Moreover, Indiana Trial Rule 4.15(F) instructs that no service of process shall be set aside that is "reasonably calculated" to inform the person to be served of the impending action against him. <u>See</u> Ind. Trial Rule 4.15(F).[2] Indeed, Trial Rule 4.15(F)'s requirement that service be "reasonably calculated to inform" implicates the same fairness concerns protected by the basic due process requirements for notice and "is identical to the 'elementary and fundamental requirement of due process[:] . . . notice reasonably calculated, under all circumstances, to apprise[.]'" <u>Glennar Mercury-Lincoln, Inc. v. Riley</u>, 338 N.E.2d 670, 675 (Ind. Ct. App. 1975) (citations omitted). <u>See</u> <u>also</u> <u>Gourley v. L.Y.</u>, 657 N.E.2d 448, 450 (Ind. Ct. App. 1995) ("The minimal requirements of due process require only that the notice be served in a manner reasonably calculated to inform the defendant of the pending action" (citation omitted)), <u>trans. denied</u>. Consequently, the Court must determine whether the manner of service that occurred in this case was reasonably calculated to inform Stutz of the initiation of this appeal.

---

[2] Trial Rule 4.15(F) applies to service of summons, but due to the language of Tax Court Rules 1 and 3, it applies equally to service of a petition that commences an original tax appeal. <u>See</u> Ind. Tax Court Rules 1, 3. <u>See</u> <u>also,</u> <u>e.g.</u>, <u>Rumfelt v. Himes</u>, 438 N.E.2d 980, 983 (Ind. 1982) (explaining that courts are to construe Indiana's rules of trial procedure harmoniously whenever possible).

The facts before the Court indicate that the Petition named Stutz as the respondent, was served on the attorneys that represented Stutz during the nearly two-and-a-half year long administrative process, and that those same attorneys have continued to represent Stutz in the challenge to the administrative final determination. (See generally Resp't Br.; Resp't Reply Br.) Moreover, Stutz has not alleged that it was harmed or prejudiced by the manner of service. (See generally Resp't Br.; Resp't Reply Br.) Stutz also has not alleged that it did not have actual, timely knowledge of this appeal. (See generally Resp't Br.; Resp't Reply Br.) See also, e.g., Northwestern Nat'l Ins. Co v. Mapps, 717 N.E.2d 947, 955 (Ind. Ct. App. 1999) (explaining that while "actual notice alone will not cure defective service, it may be considered in determining whether the notice was reasonably calculated to inform an organization of the action"). Accordingly, based on the unique facts of this case, the Court finds that service of the Petition on the attorneys who represented Stutz during the administrative process on November 1, 2018, substantially complied with the rules for establishing effective service because the service was reasonably calculated to inform Stutz of the initiation of this appeal. See Glennar Mercury-Lincoln, 338 N.E.2d at 675-76.

This decision comports with the Court's "long-standing policy that cases should be decided on the merits and justice should not be defeated by [procedural] technicalities." See Miller Beach Invs., LLC v. Dep't of Local Gov't Fin., 848 N.E.2d 1190, 1194 n.3 (Ind. Tax Ct. 2006). Furthermore, the Indiana Supreme Court has stated:

> Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. [Thus, w]e must examine our technical rules closely when it appears that involving them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead

9

of the means.  This is e[s]pecially true in [this] case . . . where we prejudice no one [in] allowing the . . . [case to proceed] at this point.

American States Ins. Co. v. State ex rel. Jennings, 283 N.E.2d 529, 531 (Ind. 1972).  Like the Indiana Supreme Court's function, this Court's "'function is to serve the truth and to decide legal issues, not clear [its] dockets by utilization of unnecessarily narrow technical interpretations" of court procedural rules.  See id. at 531-32.  Therefore, based on the limited facts before it, the Court is not persuaded that the Assessor's appeal should be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Assessor's Motion to Dismiss. Consistent with the Court's Order of December 28, 2018:  1) the Assessor shall conventionally file a certified copy of the administrative record simultaneously with his e-filed brief no later than thirty (30) days after the date of this Order;  2) Stutz shall file its response brief no later than thirty (30) days after the date the Assessor's brief is due; and 3) the Assessor may file a reply brief no later than fifteen (15) days after the date Stutz's response brief is due.

SO ORDERED this 11th day of January 2019.

Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution:
Jessica R. Gastineau, Jeffrey T. Bennett, Bradley D. Hasler, Curtis T. Hill, Jr.