## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2019, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael Hale
Ellettsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Hale,<br>*Appellant-Defendant,*<br><br>v.<br><br>Ozark Capital Corporation,<br>*Appellee-Plaintiff.* | February 13, 2019<br><br>Court of Appeals Case No.<br>18A-CC-1922<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Frances G. Hill, Judge<br><br>Trial Court Cause No.<br>53C06-0512-CC-2272 |

**Najam, Judge.**

## Statement of the Case

[1]     Michael Hale appeals the trial court's denial of his Indiana Trial Rule 60(B) motion for relief from judgment.  Hale raises a single issue for our review,

which we restate as whether the trial court erred when it denied his motion for relief from judgment.

[2] We affirm.

## Facts and Procedural History

[3] On December 7, 2005, Ozark Capital Corporation ("Ozark") filed a complaint against Hale in which Ozark alleged that Hale had failed to make payments toward a credit card debt. The sheriff delivered a copy of the complaint to Hale's address. But Hale did not respond to the complaint. Accordingly, on January 30, 2006, Ozark filed a motion for default judgment against Hale. On February 3, the trial court granted Ozark's motion and entered judgment against Hale in the amount of $14,882.22.

[4] Between the dates of September 18, 2006, and March 6, 2013, the trial court held four hearings in proceedings supplemental for a determination of Hale's wages, assets, profits, and other nonexempt property that could have been applied toward Hale's debt. Hale appeared in person at three of the four hearings.[1] At the March 6, 2013, hearing, Hale agreed in writing to a voluntary garnishment of his wages. Then, on January 5, 2015, Hale filed correspondence with the court in which he disputed both that he owed the debt and the amount of the debt. Thereafter, the trial court held three more hearings

---

[1] The CCS entry for the September 18, 2006, hearing does not provide any information on whether Hale appeared at that hearing.

between March 3, 2015, and March 13, 2018. Hale appeared at all three of those hearings.

[5] On April 16, 2018, some twelve years after the entry of judgment, Hale, *pro se*, filed a motion to set aside the default judgment pursuant to Indiana Trial Rule 60(B)(6). In that motion, Hale asserted that the trial court lacked personal jurisdiction over him because he had not been served with a copy of Ozark's complaint. Hale did not dispute the fact that the sheriff had delivered a copy of the complaint to his correct address. Rather, Hale contended that his then wife had received the copy of Ozark's complaint and that she had concealed the complaint. Hale further asserted that he did not become aware of the complaint until March 2006, which was after the trial court had entered the default judgment against him. Accordingly, Hale alleged that the trial court's default judgment against him was void.

[6] The trial court denied Hale's motion. Hale then filed a motion to correct error in which he again asserted that the default judgment against him was void because the trial court lacked personal jurisdiction over him due to insufficient service of process. The court denied that motion, too.[2] This appeal ensued.

---

[2] Hale did not provide a copy of the trial court's order denying his motion for relief from judgment, but he included in the record on appeal a copy of the trial court's order denying his motion to correct error.

## Discussion and Decision

[7] Hale contends that the trial court lacked jurisdiction to enter the default judgment against him due to insufficient service of process. Initially, we note that Ozark has not filed an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. We are under no obligation to undertake the burden of developing an argument for the appellee. We may, therefore, reverse the trial court if the appellant establishes *prima facie* error. "*Prima facie*" is defined as "at first sight, on first appearance, or on the face of it."

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006) (citations omitted).

[8] On appeal, Hale contends that, because the trial court lacked personal jurisdiction over him due to insufficient service of process, the default judgment is void under Indiana Trial Rule 60(B)(6). Indiana Trial Rule 60(B)(6) provides that a court may relieve a party from a default judgment when the judgment is void. "In Indiana, 'whether the judgment is void turns on whether the defendant was served with process effective for that purpose under the Ind[iana] Rules of Procedure.'" *Anderson v. Wayne Post 64*, 4 N.E.3d 1200, 1206 (Ind. Ct. App. 2014) (quoting *Glennar Mercury-Lincoln, Inc. v. Riley*, 167 Ind. App. 144, 150, 338 N.E.2d 670, 675 (1975)), *trans. denied*.

[9] This Court has previously set out our standard of review as follows:

> Typically, we review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion, meaning that we must determine whether the trial court's ruling is clearly against the logic and effects of the facts and inferences supporting the ruling. *Yoder v. Colonial Nat'l Mortg.*, 920 N.E.2d 798, 800-01 (Ind. Ct. App. 2010). However, whether personal jurisdiction exists over a defendant is a question of law that we review *de novo*. *Id*. at 801. A judgment entered where there has been insufficient service of process is void for want of personal jurisdiction. *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 759 (Ind. 2014).

*Hair v. Deutsche Bank Nat'l Trust Co.*, 18 N.E.3d 1019, 1022 (Ind. Ct. App. 2014). Thus, we must determine whether Hale has shown *prima facie* that the trial court erred as a matter of law when it denied his motion to correct error.

[10] Hale contends that the trial court lacked personal jurisdiction over him because he did not receive effective service of process. Specifically, Hale contends that he did not receive a copy of the complaint but, rather, that his then wife received the complaint and that he did not know about the complaint until after the trial court had already entered the default judgment against him. Accordingly, Hale contends that the default judgment is void and that the trial court erred when it denied his motion for relief from judgment.

[11] But we hold that Hale has waived his claim of lack of personal jurisdiction. It is well settled that "[a] defendant can waive the lack of personal jurisdiction and submit himself to the jurisdiction of the court if he responds or appears and does not contest the lack of jurisdiction." *Harris v. Harris*, 922 N.E.2d 626, 623 (Ind. Ct. App. 2010). Here, the facts show that Hale appeared before the trial

court for at least six hearings in proceedings supplemental between September 18, 2006, and March 13, 2018. Nothing in the record indicates that Hale challenged the trial court's personal jurisdiction over him when he appeared before the trial court at any of those hearings. Indeed, at one hearing, Hale agreed in writing to a voluntary garnishment of his wages. Because Hale appeared before the court on at least six occasions and did not contest personal jurisdiction, we conclude that Hale has waived any such challenge.[3] Given that Hale has waived any personal jurisdictional claim that he might have had by submitting himself to the jurisdiction of the trial court, we cannot say that the trial court erred as a matter of law when it denied Hale's motion for relief from judgment.

[12] Further, in his motion for relief from judgment, Hale asserted that Ozark's complaint "should have been dismissed summarily" because Ozark had failed to comply with Indiana Trial Rule 9.2(A) when it filed its complaint without including an affidavit of debt. Appellant's App. Vol. II at 39. The trial court also denied Hale's motion on that ground. While Hale mentions the fact that Ozark's complaint lacked an affidavit of debt in his Statement of the Facts, Hale does not make an argument in his brief on appeal that the trial court erred when it denied his motion for relief from judgment because Ozark had failed to comply with the Trial Rules. Generally, the failure to make a cogent argument

---

[3] If Hale believed that the trial court lacked jurisdiction over him because his wife received the copy of the complaint that the sheriff had left at his address before he did, Hale could have raised that claim the first time he appeared before the trial court.

results in the waiver of that issue. *See* Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, Hale has not established *prima facie* error on that issue.

[13] We acknowledge that Hale is correct that Ozark was required to attach an affidavit of debt to its complaint. *See* Ind. Trial Rule 9.2(A). But Hale is incorrect that Ozark's failure to include the affidavit of debt requires the dismissal of Ozark's complaint. Indiana Trial Rule 9.2(F) provides that noncompliance with the provisions of the rule requiring an affidavit of debt may be raised by the first responsive pleading or prior motion of a party. "The court, in its sound discretion, may order compliance, the reasons for non-compliance to be added to the pleadings, or allow the action to continue without further proceeding." T.R. 9.2(F). Accordingly, had Hale timely raised the issue of Ozark's failure to include an affidavit of debt,[4] the trial court could have ordered Ozark to comply with Trial Rule 9.2(A) or have allowed the action to continue without any additional pleadings. As such, Ozark's failure to comply with the pleading requirements of Trial Rule 9.2(A) does not warrant dismissal of the complaint. *See Arflack v. Town of Chandler*, 27 N.E.3d 297, 304-05 (Ind. Ct. App. 2015). Hale therefore has not demonstrated that the trial court erred when it denied his motion for relief from judgment under Indiana Trial Rule 60(B). We affirm the trial court.

---

[4] It should also be noted that Hale did not raise the issue regarding Ozark's failure to include an affidavit of debt until he filed his motion for relief from judgment on April 17, 2018, which was over twelve years after the court filed the default judgment against Hale and after Hale had appeared before the trial court on at least six occasions.

Affirmed.

Pyle, J. and Altice, J., concur.