**James KIRLIN, Respondent,**

v.

**DACLO, INC., Appellant.**

**No. WD 38093.**

Missouri Court of Appeals, Western District.

Nov. 18, 1986.

Leonard K. Breon, Warrensburg, for appellant.

William A. Lewis, Lee's Summit, for respondent.

Before CLARK, C.J., and SHANGLER and NUGENT, JJ.

CLARK, Chief Judge.

Appellant Daclo, Inc., a Missouri corporation, suffered a default judgment in favor of respondent James Kirlin, in the amount of $896.60 owed on an account, and an additional award of $25,000.00 in punitive damages. Within one year thereafter, ap-

pellant moved to set aside the judgment on the ground the court lacked jurisdiction under the original summons. The trial court denied relief and this appeal followed. Reversed.

This suit was commenced August 8, 1984 by a two count petition naming "Daclo, Inc., DBA Clothes Post" as defendant. The body of the petition alleged that defendant was a Missouri corporation "having a principle (sic) place of business at 180 North Oldham Parkway, Summit Shopping Center, Lee's Summit, Jackson County, Missouri." The direction for service of summons typed on the petition below the defendant's name read:

Serve: Steven B. Day
Registered Agent
Daclo, Inc.
Rural Route 4
Warrensburg, Missouri 64093

Summons was issued out of the circuit court of Jackson County August 9, 1984, directed in accordance with plaintiff's instruction and sent to the sheriff of Johnson County, Missouri. Service was made on August 13, 1984, the return of service being endorsed as follows:

"I hereby certify that I have served the within summons in _____ County, Missouri

\*       \*       \*       \*       \*       \*

*Member Of Family*

(2) By leaving for each of the within-named defendants with Karen Day, wife of Steven Day, at Steven Day's usual place of abode a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of said defendants with some person of his or her family over the age of 15 years, on August 13, 1984."

Appellant made no answer to the petition and on November 30, 1984, respondent appeared and presented evidence to support his claim for electrical work done at appellant's Lee's Summit store. The record does not indicate that respondent had any contact with appellant after suit was filed nor was any notice of the default status or

hearing attempted. The court took the case under advisement and entered judgment January 7, 1985. On January 3, 1986, appellant filed a motion to set aside the default judgment alleging that service of process was defective and, in consequence, the court had not acquired jurisdiction over the appellant to support the rendition of judgment. The motion was denied and this appeal followed.

Appellant raises four points of error, but only one need be discussed because it is sufficient ground to reverse the judgment. In the point, appellant says that member of the family service at the residence of a corporate officer or agent is not service of process whereby the court may acquire jurisdiction over a corporation named as defendant in a suit.

The method for obtaining service of process on a corporation is set out in § 506.-150(3), RSMo.Cum.Supp.1984 and, in material part, reads:

"\* \* \* by delivering a copy of the summons and of the petition to an officer, partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof \* \* \*."

The return made by the sheriff in this case shows on its face that none of the methods for obtaining service on a corporation was used. The only way a defendant can be brought into court to answer a cause of action asserted against him is by notice served in the form and manner provided by statute. *State ex rel. MFA Mutual Insurance Co. v. Rooney*, 406 S.W.2d 1, 5 (Mo. banc 1966). The service accomplished in this case was not upon an officer, partner or managing or general agent nor was the summons left with the person in charge of a business office. In consequence, no jurisdiction was obtained over Daclo, Inc., and the purported judgment was void.

Respondent undertakes to argue several theories supporting valid service. He first says that by the delivery of the suit papers to Karen, it would reasonably be expected that she would bring the matter to the attention of the corporation thereby accom-

plishing the fundamental purpose of notice. This argument was expressly rejected in *State ex rel. MFA, supra,* where it is said that the fact of such service does not make it valid if service is not as specified in the statute. A prospect that the corporation may have actual notice of suit does not cure defective service.

Respondent also argues that according to records in the office of the Missouri Secretary of State, Karen Day was secretary of Daclo, Inc., and therefore service on her would have been sufficient under the statute providing for service on a corporate officer. Assuming, but not agreeing that the record here is sufficient to prove Karen Day was a corporate officer of appellant, the contention is without merit. The return of service does not show that Karen Day was served at all, only that service was made on Steven Day by leaving the suit papers with Karen. Compliance with the statute would have required a return showing service on Karen Day as an officer of Daclo.

Finally, respondent says the business office of Daclo in Johnson County bears the same rural post office route as the location where the return shows suit papers were served and therefore service on Karen Day must have been upon the person in charge of the office. Apart from the defect noted in the previous paragraph, that service was not upon Karen Day at all, the return itself shows service was at Steven Day's "usual place of abode." Even with the same numbered rural route for postal delivery, there is basis to conclude that the sheriff mistakenly referred to the Daclo office as Day's home or that only one location served both functions. The return itself is conclusive on the point and establishes that service was not made at the corporation's place of business.

For the reasons stated, the trial court acquired no jurisdiction over appellant under the suit papers in this action and the judgment is therefore reversed.

All concur.