Linda STORM, Appellant
(Plaintiff Below),

v.

Wallace MILLS d/b/a Sneak A Peek
Lounge, Appellee (Plaintiff Below).

No. 27A02–8903–CV–00088.

Court of Appeals of Indiana,
Second District.

July 24, 1990.

Jonathan R. Builta, Sansberry Dickmann Freeman & Builta and Thomas L. Clem, Bagot Free & Shearer, Anderson, for appellant.

James T. Beaman, Marion, for appellee.

SHIELDS, Presiding Judge.

Linda Storm appeals a decision of the Grant Circuit Court vacating a default judgment against Wallace Mills.

We reverse and remand with instructions.

## FACTS

On November 4, 1985, Storm filed a tort action against Mills and others, for personal injuries sustained in an automobile accident on November 4, 1983. Summons directed to Wallace Mills, 3235 South McClure, Marion, Indiana, was returned unserved on November 5, 1985 indicating Mills was not found. On May 7, 1986, Storm attempted to obtain service by an alias summons issued to Mills at 3316 South Washington Street, Marion, Indiana. The sheriff's return of summons, dated May 16, 1986, reported the summons was served by

leaving a copy of the Summons and a copy of the Complaint at 3316 So. Washington Mar. the dwelling house or usual

place of abode of the defendant, with a person of suitable age, namely: Anna Frandsen, and by mailing a copy of the Summons to the defendant at the above address.

Record at 6.

When Mills did not appear, the court, pursuant to Storm's motion, heard evidence and entered a default judgment for $250,000 against Mills on September 29, 1986.

On September 29, 1988, Mills entered an appearance by counsel and on October 11, 1988 filed a Motion to Vacate Default Judgment for want of personal jurisdiction. Shortly thereafter, he filed an affidavit stating that he had never resided at the South Washington Street address and he had meritorious defenses against Storm's claim. He stated the South Washington Street address "has been the location of a tavern for more than fifty (50) years," and that "in May, 1986, the license and business being conducted at that address was in the name of 'Anna M. Fransen d.b.a. Tinkers.'" Record at 35. He attached a photocopy of an Indiana Alcoholic Beverage Commission Retailer's Permit bearing an expiration date of August 16, 1984, issued to

> WALLY'S TAVERN INC
> W E MILLS PRES
> ANNA MARIE CLINE SECY
> 3316 S WASHINGTON ST
> MARION          IND 46952

Record at 37.

Storm countered with her own affidavit stating, in relevant part:

1. That at all times relevant to plaintiff's complaint namely immediately before and after November 4, 1983, the defendant Wallace Mills has operated a business located at 3316 South Washington Street, Marion, Indiana and more commonly known as Sneak A Peek Lounge.

2. Further, that on many occasions since the filing of the plaintiff's complaint, and the judgment thereafter

granted to the plaintiff, plaintiff has observed the defendant Wallace Mills at the 3316 South Washington Street, Marion, Indiana business address, carrying on and directing business.

> \*     \*     \*     \*     \*     \*

5. Further, that on many occasions the plaintiff has tried to get the defendant Wallace Mills to appear in Court but that the defendant Wallace Mills, with the cooperation of his daughter Anna Fransen, has always failed and refused to appear.

> \*     \*     \*     \*     \*     \*

7. Further, that plaintiff knows personally that the defendant Wallace Mills [sic] routine is to arrive at the defendant Wallace Mills' place of business each morning to begin preparation for the daily business.

> \*     \*     \*     \*     \*     \*

10. Further, that due to the plaintiff's personal knowledge of the defendant Wallace Mills' involvement with the business located at 3316 South Washington Street, Marion, Indiana service of process was directed to Wallace Mills at that business address and as such was the most reasonably [sic] calculated manner in which to give defendant Wallace Mills actual notice of plaintiff's complaint, and that as such it would not be fair and equitable to plaintiff or the Court to vacate the plaintiff's judgment.

Record at 38–39.

The court held a hearing on December 14, 1988. The parties, for purposes of the hearing, stipulated:

A. Wallace Mills received actual notice of this action as a result of the alleged service of process directed to him at 3316 South Washington Street, Marion, Indiana, on or about May 16, 1986.

B. Notice of this action was allegedly served on Wallace Mills at 3326 [sic] South Washington Street, Marion, Indiana, by leaving the complaint and summons with Anna Fraudsen [sic] and then mailing a copy of the summons to him at that address.

Supp. Record at 1. On December 20, 1988 the court ordered the default judgment set aside on the basis it was void because service of process, as required by Ind. Trial Rule 4.1(A), was not had.

### ISSUE

Whether the trial court abused its discretion in setting aside the default judgment.

### DISCUSSION

■ Default judgments are not favored in the law. The decision whether to enter a judgment by default, however, is a matter entrusted to the sound discretion of the trial court. *See, e.g., Pitts v. Johnson County Dep't of Public Welfare* (1986), Ind.App., 491 N.E.2d 1013. Similarly, the decision to vacate a default judgment is within the court's discretion. *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332; *Overhauser v. Fowler* (1990), Ind.App., 549 N.E.2d 71. The defaulted party must demonstrate why a default judgment would result in an injustice and why his failure to plead should be excused. *Pitts.* Any doubt of the propriety of the default judgment, however, must be resolved in favor of the defaulted party. *Green v. Karol* (1976), 168 Ind.App. 467, 474, 344 N.E.2d 106. Our review is limited to determining whether the trial court has abused its discretion. *Siebert Oxidermo; Security Bank & Trust Co. v. Citizens National Bank of Linton* (1989), Ind.App., 533 N.E.2d 1245. "Such an abuse will be found only if the court's judgment is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom." *Pinkston v. Livingston* (1990), Ind.App., 554 N.E.2d 1173, 1174 (reversing trial court's refusal to set aside default judgment).

■ Mills argues he was not properly served under T.R. 4.1 and, therefore, the trial court did not err in setting aside the default judgment.

Trial Rule 4.1 provides:

(A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

(4) serving his agent as provided by rule, statute or valid agreement.

(B) Copy Service to Be Followed With Mail. Whenever service is made under clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.

The parties agree Mills was not served in strict compliance with Rule 4.1. Storm contends, however, her attempts at service were sufficient to overcome the defects, citing Trial Rule 4.15(F):

(F) Defects in Summons. No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

In *Glennar Mercury–Lincoln, Inc. v. Riley* (1975), 167 Ind.App. 144, 338 N.E.2d 670, this court noted:

[A]s to a resident defendant, service of process is sufficient under the rules if the service meets the basic due process requirements for notice.... [T]he test for sufficiency of service of process under TR. 4.15(F) (service is sufficient if "reasonably calculated to inform ...") is identical to the "elementary and fundamental requirement of due process ... notice reasonably calculated, under all the circumstances, to apprise ..."

If the summons or service thereof is *not* "reasonably calculated to inform ...," the mere fact that the party served has actual knowledge of the suit does not

satisfy due process or give the Court in personam jurisdiction. Conversely, if the summons and service thereof *are* "reasonably calculated to inform", the fact that the party served lacks actual knowledge of the suit does not defeat the jurisdiction thus acquired. This is not to say that the actual knowledge of the party served is irrelevant to an inquiry under TR. 4.15(F) into the likely efficacy of service—but knowledge cannot alone prove that the legal notice was sufficient to meet the test of TR. 4.15(F).

Literal compliance with the Trial Rules 4 through 4.17 means effective service of process. TR. 4.15(F) establishes that substantial compliance with the rules can also be effective if the summons and service thereof are "reasonably calculated to inform...." Because the literal requirements of Rules 4 through 4.13 represent the ideal as to "the mechanics of preparing the summons ... [and] the details of how each mode of service should be effectuated," the reasonableness of the service actually employed should be measured by the degree of compliance with those specifics.

*Glennar* at 151–53, 338 N.E.2d at 675 (citations omitted).

Here, Storm's attempts at service were directed to Mills at the business establishment which he operated at the time of the original tort, and which she reasonably believed he continued to operate; the attempts succeeded in affording Mills actual notice of the action. Based upon these factors we conclude Storm's attempts at service were sufficient and it was an abuse of discretion for the trial court to have set aside the default judgment. The default judgment was valid.

The order of the trial court setting aside the default judgment is vacated; the cause is remanded to the trial court with instructions to reinstate its original judgment against Wallace Mills.

STATON and GARRARD, JJ., concur.