PRECISION ERECTING, INC., and Precision Industrial Contractors, Division of Precision Erecting, Inc., Appellants–Defendants Below,

v.

Todd WOKURKA, Appellee–Plaintiff Below.

No. 45A03–9402–CV–64.

Court of Appeals of Indiana,
Third District.

Aug. 10, 1994.

Transfer Denied Dec. 8, 1994.

Terence M. Austgen, Elizabeth M. Bezak, Singleton, Crist, Patterson, Austgen & Lyman, Munster, for appellants.

Kenneth J. Allen, Allen & Sarkisian, Merrillville, for appellee.

STATON, Presiding Judge.

Precision Erecting, Inc. ("Precision")[1] appeals the trial court's denial of its motion to set aside the partial default judgment entered against it. Precision raises the following (restated) issues for our review:

   I. Whether the trial court erred when it entered a default judgment against Precision.

   II. Whether the trial court erred in refusing to set aside the default judgment pursuant to Ind. Trial Rule 60(B).

We affirm.

On January 28, 1993, Todd Wokurka ("Wokurka") filed a tort action against Precision and others for personal injuries he sustained in a work-related accident. Wokurka sent a copy of the summons and complaint by certified mail, return receipt requested, to Todd Anson, the registered agent of Precision.[2] Although Anson's wife actually signed the return receipts, there is no dispute that Anson received the summons and complaint shortly thereafter.

In early February 1993, Anson telephoned Precision's office in Wisconsin and advised Precision's secretary of the pending lawsuit. Anson did not tell the secretary the name of the person bringing the action or any other specific information about the case. Precision told Anson to forward the papers to Precision, which Anson failed to do. After Precision failed to file an appearance or responsive pleading, Wokurka filed a motion for default judgment against Precision, which was granted on April 20, 1993. Precision filed a motion to vacate the partial default judgment on August 4, 1993. Its motion was denied.

## I.

### Default Judgment

■■ The grant or denial of a default judgment is within the trial court's discretion. On appeal, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332, 340.

Precision contends the trial court erred in entering a default judgment against it because the court did not have personal jurisdiction over Precision due to insufficient service of process. Service of process on a corporation is controlled by Ind. Trial Rule 4.6 which provides in relevant part that:

  (A) *Persons to Be Served.* Service upon an organization may be made as follows:

    (1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.

      \*    \*    \*    \*    \*  .  \*

  (B) *Manner of Service.* Service under subdivision (A) of this rule shall be made on the *proper person* in the manner provided by these rules, for service upon individuals.... (Emphasis added).

Ind. Trial Rule 4.1 discusses service upon an individual:

  (A) *In General.* Service may be made upon an individual, or an individual acting in a representative capacity, by:

    (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with

---

1. The partial default judgment was entered against both Precision Erecting, Inc. and Precision Industrial Contractors, Division of Precision Erecting, Inc. However, the parties now agree that the latter is not a separate and distinct legal entity.

2. The record indicates that Anson was listed with the Secretary of State's office as the resident agent without his knowledge or consent.

return receipt requested and returned showing receipt of the letter; ....

■ Precision argues that the provision in T.R. 4.6(B), that service shall be made on the *proper person,* mandates that the agent sign the return receipt in order for service to be effective.[3] Precision's argument is without merit. We find nothing in the trial rules requiring that the individual to whom service of process is mailed be the one who signs the return receipts in order for service to be effective. Rather, the rule requires only that service be *sent* by certified mail to the proper person, a requirement with which Wokurka strictly complied.

■ In *Buck v. P.J.T.* (1979), 182 Ind.App. 71, 394 N.E.2d 935, *trans. denied,* this court affirmed a default judgment where the defendant was served via certified mail and the return receipt was signed by someone else.

■ Service delivered by United States mail, postage prepaid, as certified mail with a return receipt satisfies the method requirement of due process. No contention is made that the information contained was inadequate or that inadequate time to respond was provided. Since actual delivery to the party is not jurisdictionally necessary, Buck's argument that the court failed to acquire personal jurisdiction fails.

*Id.* 394 N.E.2d at 937. *See also LaPalme v. Romero* (1993), Ind., 621 N.E.2d 1102, 1105, *reh. denied* ("A copy of the summons and complaint, sent by registered or certified mail to the party, is adequate service."); *Glennar Mercury–Lincoln, Inc. v. Riley* (1975), 167 Ind.App. 144, 338 N.E.2d 670, 675, *trans. denied* ("Literal compliance with Trial Rules 4 through 4.17 means effective service of process.") We conclude that Precision was served and that no error exists.

## II.

### *Relief from Judgment*

■ Next, Precision argues that the trial court erred when it refused to set aside the partial default judgment on grounds of mistake, surprise, excusable neglect, or any other reason justifying relief pursuant to T.R. 60(B)(1) and (8). A trial court's decision regarding whether to set aside a default judgment is given substantial deference on review. Our review is limited to determining whether there has been an abuse of discretion. Upon a motion for relief from the default judgment pursuant to T.R. 60(B), the burden is on the movant to present a sufficient ground for relief. A denial of the motion is presumptively valid and the movant must demonstrate that the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *LaPalme, supra,* at 1104.

Precision bases its argument largely on the fact that Anson failed to forward the summons and complaint to Precision. IND. CODE 23–1–49–7 (1993) requires that each foreign corporation authorized to transact business in Indiana continuously maintain a registered agent in Indiana. IND.CODE 23–1–49–10 (1993) states that "[t]he registered agent of a foreign corporation authorized to transact business in Indiana is the corporation's agent for service of process...." There is no dispute that Anson was designated by Precision as its registered agent, that Wokurka sent the summons and complaint to Anson via certified mail, or that Anson received actual notice thereby. The risk of a breakdown in communication between Precision and Anson is one that should be borne by Precision, not a third-party complainant.

---

**3.** In support of its position, Precision cites cases from other jurisdictions in which service of process upon relatives of a corporation's appointed agent was insufficient to confer jurisdiction over the corporation. *See e.g., T.W.I. Investments v. Pacific Aggregates, Inc.* (1987), Mo.App., 726 S.W.2d 807; *Kirlin v. Daclo, Inc.* (1986), Mo. App. 719 S.W.2d 516; *Dade Erection Service v. Sims Crane Service, Inc.* (1980), Fla.Dist.Ct.App., 379 So.2d 423. We consider these cases to be inapposite to the case at bar in that they involved service via personal delivery, rather than certified mail. This distinction is illustrated by T.R. 4.1(A)(2) which states that service upon an individual or agent may be accomplished by "delivering a copy of the summons and complaint to him *personally*...." (Emphasis added). As noted in the discussion, *infra,* T.R. 4.6(A)(1), allowing for service by registered or certified mail, contains no parallel requirement that the initial reception of the documents be by the individual or agent *personally.*

Inasmuch as Precision alleges no facts showing a mistake, surprise, excusable neglect, or any other reason justifying relief from judgment, we find no abuse of discretion here.

Affirmed.

GARRARD, J., concurs.

FRIEDLANDER, J., concurs in result with opinion.

FRIEDLANDER, Judge, concurring.

I concur in result.

Precision argues that, for two reasons, the trial court erred by denying Precision's motion to set aside the partial default judgment entered against it. First, Precision argues that the trial court lacked personal jurisdiction due to insufficient service of process. Second, Precision argues that the trial court should have vacated the partial default judgment on the grounds of mistake or excusable neglect. Specifically, Precision argues here that "[a]ny mistake or neglect by Todd Anson (because he did neither convey specific information nor forward the legal papers to Precision Erecting, Inc.) should not be transferred and held against Precision Erecting, Inc." Brief of Appellants at 28. I disagree.

Pursuant to Ind. Trial Rule 4.6(A), service upon an organization may be made by serving an appointed agent of the organization. Pursuant to Ind.Code 23–1–49–10, "[t]he registered agent of a foreign corporation authorized to transact business in Indiana is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the foreign corporation."

The decision whether to vacate a default judgment is a matter entrusted to the sound discretion of the trial court. *Storm v. Mills* (1990), Ind.App., 556 N.E.2d 965. Any doubt as to the propriety of a judgment entered by default must be resolved in favor of the defaulted party. *Id.* To prevail on a request to vacate a default judgment, the defaulted party must demonstrate not only why a default judgment would result in an injustice, but also why its failure to plead should be excused. *Id.* On appeal, we limit our review to whether the trial court abused its discre-

tion. This occurs only when the court's judgment is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable and actual deductions to be drawn therefrom. *Id.*

According to Wokurka's attorney's affidavit, in February of 1993 Anson was listed in our Secretary of State's records as Precision's registered agent. *Record* at 63. In accordance with T.R. 4.6(A) and I.C. 23–1–49–10, Wokurka's attorney mailed, via certified mail, Wokurka's summons and complaint to Anson's residence. Anson's wife signed the return receipt for the documents. Anson, after discovering the contents, telephoned a secretary at Precision's office in Wisconsin and told her what he had received. Precision's secretary instructed Anson to forward the legal documents to Precision. *Record* at 214. Anson did not do so. According to Anson's affidavit, at the time he received Wokurka's summons and complaint, he was not an employee of Precision, he was not aware that he was Precision's registered agent, and he had not given his consent to be Precision's registered agent. Precision had appointed Anson as its registered agent without Anson's knowledge or consent. *Record* at 216.

In my opinion, a corporation who appoints an individual as its registered agent, without the individual's knowledge or consent, does so at its own peril. I find Precision's argument that the partial default judgment entered against it should be vacated because Anson mistakenly or neglectfully failed either to forward a copy of the legal documents to the corporation or to provide the corporation with specific details of the lawsuit unpersuasive. Wokurka's attempt at service was directed to Precision at the address Precision provided as that of its registered agent. Wokurka's attempt at service succeeded in providing Precision, in this case, with actual notice of the action because Anson telephoned Precision to inform it of the fact that Precision had been sued. Under these circumstances, I am of the opinion that, once Precision had actual notice of Wokurka's pending lawsuit, Precision became aware of and responsible for the details of the suit and

the resultant consequences of its failure to act.

Under these particular circumstances, Precision received sufficient service of process and Precision failed to demonstrate why its failure to plead should be excused. The trial court did not abuse its discretion by denying Precision's motion to vacate and I concur in the result.