# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**SHAUN T. OLSEN**
Law Office of Weiss & Schmidgall, P.C.
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**DAVID W. HOLUB**
Law Offices of David W. Holub, P.C.
Merrillville, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STORM DAMAGE SPECIALISTS OF AMERICA D/B/A AMERICA'S SDS CONSTRUCTION, INC., | ) ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 64A03-1209-CT-386 |
| MELISSA A. JOHNSON and MICHAEL B. JOHNSON, | ) ) ) | |
| Appellees-Plaintiffs. | ) ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper, Judge
The Honorable Thomas W. Webber, Sr., Senior Judge
Cause No. 64D05-1111-CT-11530

**February 27, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

A representative of the appellant-defendant Storm Damage Specialists of America d/b/a America's SDS Construction, Inc., (Storm Damage Specialists) solicited the appellees-plaintiffs Melissa A. Johnson and Michael B. Johnson (collectively, the Johnsons) regarding the repair of their roof as a result of suspected hail damage.

Storm Damage Specialists received a check from State Farm, the Johnsons' insurance company, in the amount of $4,224.78. Storm Damage Specialists never performed the work and refused to refund the insurance proceeds.

The issues in this case are whether the trial court erred in refusing to grant Storm Damage Specialists' motion to correct error in light of its refusal to set aside the default judgment entered in the Johnsons' favor because of alleged defective service of process, whether the compensatory damages amount awarded to the Johnsons was improperly quadrupled, and whether the attorney fees that were awarded to the Johnsons were excessive.

Although the trial court properly entered a judgment for the Johnsons, it erred when it ordered Storm Damage Specialists to pay them four times the $4,224.78 compensatory damages amount. Therefore, we remand this cause with instructions that the trial court award treble damages and reduce the total judgment award by $4,224.78. Thus, we affirm in part, reverse in part, and remand.

FACTS

2

In September 2011, Storm Damage Specialists' construction agent, Andy Dessuit, went to the Johnsons' Porter County residence to solicit repairs for what Dessuit represented was hail damage to their roof. Dessuit claimed that Storm Damage Specialists could repair the roof either at no cost or for no more than the Johnsons' insurance deductible.

On October 8, 2011, Michael Johnson signed a contract with Storm Damage Specialists, turning over to Storm Damage Specialists the Johnsons' right to negotiate for any damage to the property on their own behalf with their insurance company. The contract was the only paperwork left with the Johnsons, and Dessuit failed to supply the Johnsons with any "right to cancel paperwork," which is required under both federal and Indiana law. Appellant's App. p. 6, 35. Later that same day, Dessuit contacted State Farm, the Johnsons' insurance company, advising that he was making a claim on the Johnsons' behalf for hail damage to the roof. Storm Damage Specialists received a check for $4,224.78 from State Farm on October 13, 2011.

After depositing the check, representatives from Storm Damage Specialists refused to meet the Johnsons to choose materials for the repairs or to set a start date, as they had originally discussed and agreed upon. Neither Storm Damage Specialists nor Dessuit ever applied for the required solicitor's permit from the city of Portage to begin the repairs.

After the Johnsons made several verbal requests for a refund, the Johnsons notified Storm Damage Specialists later in October that they wanted to terminate the

3

contract. In accordance with Indiana and federal law, the Johnsons requested a full refund of the insurance money that Storm Damage Specialists had collected from the insurance policy. Storm Damage Specialists refused to refund the money and never returned the $4,224.78 to the Johnsons. Storm Damage Specialists claimed that they had performed the work, but the only work that had been completed were shingles having had been torn off and a tarp had been placed over that portion of the roof.

The Johnsons filed their complaint and summons against Storm Damage Specialists on November 30, 2011. The summons was addressed to the registered agent of Storm Damages Specialists of America, d/b/a America's SDS Construction, Inc., who was listed on the Indiana Secretary of State's Website as the following:

James Kennedy
3400 W 15th Ave.
Gary, IN 46404

Appellant's App. p. 12, 13, 53.

Service was made via certified mail and marked "signed by addressee" on December 19, 2011. Id. at 13, 55. Storm Damage Specialists' insurance companies, Atlantic Casualty Insurance Company and Crowell Insurance Company also received courtesy copies of the complaint and summons on December 20, 2011, via facsimile.

Storm Damage Specialists did not enter an appearance and failed to respond to the complaint. On January 13, 2012, the Johnsons filed a motion for default judgment pursuant to Indiana Trial Rule 55, which the trial court granted. The Johnsons subsequently requested a damages hearing, and copies of the notice and order were

4

served on Storm Damage Specialists' registered agent via certified mail, which was returned as unclaimed.

The Johnsons then mailed copies of the notice and order to the registered agent via U.S. First Class mail on March 28, 2012. No one from Storm Damage Specialists appeared at the May 30, 2012, damages hearing. The trial court entered a final judgment in favor of the Johnsons for compensatory damages, treble damages, prejudgment interest, costs, and reasonable attorney fees for a total of $23,936.94, plus statutory interest at 8% per annum. The trial court entered findings of fact and conclusions of law that included the following:

> On October 13, 2011, [Storm Damage Specialists] collected $4,224.78 from the Plaintiffs' insurance company, and deposited the money in its account.
>
> [Storm Damage Specialists] neither performed any services nor made any repairs to the Johnsons' Home.
>
> [Storm Damage Specialists] has failed and refused, and still fails and refuses to return said money but has taken, appropriated, and converted the same to [Storm Damage Specialists'] own use, and knowingly and/or intentionally exerted unauthorized control over the funds belonging to [the Johnsons].
>
> [Storm Damage Specialists], with fraudulent purpose of cheating and defrauding the [Johnsons], falsely and fraudulently represented to the [Johnsons] that their home had hail damage on various surfaces, that their company would repair the damage with money obtained from the Johnsons' insurance company by cooperating with the Johnsons as to materials to be used and a time for services to begin/be completed, but said representations when made to the [Johnsons] were false, were then and there known by [Storm Damage Specialists] to be false, in that [Storm Damage Specialists] knew once the money was obtained from the [Johnsons'] insurance

5

company, any cooperation with the [Johnsons] for repairs would diminish greatly or ultimately cease.

The [Johnsons] relied upon said representations and were thereby induced to contract for a consumer sale with their insurance proceeds which was in the amount of $4,224.78, and were damaged in said amount.

Storm Damage Specialists is in violation of IC § 24-5-10-17, thereby enabling the [Johnsons] to be entitled to damages and attorney's fees pursuant to IC 24-5-11-1 through IC § 24-5-11-14, and [Storm Damage Specialists] is subject to penalties of IC § 24-5-0.5-4 and IC § 24-5-0.5-5.

. . .

STATEMENT OF RELIEF FOR PLAINTIFF

The Court, being duly advised in the premises, hereby orders that Defendant . . . pay to Plaintiffs instanter:

> Compensatory damages of $4,224.78
> Treble damages pursuant to Indiana Code 34-24-3-1 of $12,674.34
> Prejudgment interest of $206.61
> Costs of $206.21
> Reasonable attorney fees of $6,625
> For a total judgment of $23,936.94
> The judgment will bear statutory interest at 8% per annum.

Appellant's App. p. 64-65.

On June 4, 2012, the Johnsons sent a copy of the judgment via facsimile to James Kennedy at the business fax number listed on Storm Damage Specialists' contract with the Johnsons. On June 27, 2012, Storm Damage Specialists, by counsel, filed a motion to correct error, citing lack of service and an error in the judgment amount as grounds to set aside the award.

More particularly, Storm Damage Specialists conceded and agreed that "the address that the certified mailing was sent to was the address listed on the Indiana

6

Secretary of State's website." Appellant's App. p. 21. However, Storm Damage Specialists claimed "that address was listed, as a scrivener's error, by the corporate accountant" and that the business address was actually P.O. Box 204, located in Dyer, Indiana. Id. at 2.

The Johnsons filed their response in opposition to Storm Damage Specialists' motion to correct error on July 12, 2012, wherein the Johnsons cited evidence that they had conformed with the Indiana Trial Rules for effective service. Specifically, the Johnsons cited to Indiana Trial Rule 4.6(A)(1), stating that service may be made "[i]n the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to been appointed to receive service then upon such agent." Id. at 49. The Johnsons also pointed to Indiana Trial Rule 4.15(F), which provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is requited to respond." Appellant's App. p. 50. The Johnsons maintained that they had no reason to suspect improper service, as the return receipt was signed by a party at the listed address.

In response, Storm Damage Specialists claimed that the amount of attorney fees that they were ordered to pay was excessive. The Johnsons agreed to Storm Damage Specialists' interpretation of the imposition of treble damages for the final judgment amount. More specifically, the Johnsons agreed to a reduction of $4224.78, thus

7

rendering the proposed agreed final judgment to be $19,712.16. The trial court denied the motion to correct error, and Storm Damage Specialists now appeals.

## DISCUSSION AND DECISION

### I. Default Judgment

Storm Damage Specialists first contends that the trial court should have set aside the default judgment. Specifically, Storm Damage Specialists claims that a scrivener's error resulted in an invalid address for it. As a result, Storm Damage Specialists maintains that the default judgment should be set aside as a result of surprise, mistake, or excusable neglect.

A default judgment may be set aside "because of mistake, surprise, or excusable neglect so long as the motion to set aside the default is entered not more than one year after the judgment and the moving party also alleges a meritorious claim or defense." Coslett v. Weddle Bros. Constr. Co., 798 N.E.2d 859, 860 (Ind. 2003). A panel of this court has observed that:

> The decision whether to set aside a default judgment is given substantial deference on appeal. Our standard of review is limited to determining whether the trial court abused its discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. A general default judgment may be affirmed by any theory supported by the record.

Anderson v. State Auto Ins. Co., 851 N.E.2d 368, 370 (Ind. Ct. App. 2006).

In this case, the Johnsons addressed service to the registered agent of Storm Damage Specialists, James Kennedy. Moreover, the Johnsons served Storm Damage

8

Specialists' registered agent at the address that was currently registered with the Indiana Secretary of State in conformity with the Indiana Trial Rules requirements for service and summons.[1]

Storm Damage Specialists admits to registering an incorrect address with the Secretary of State and states that it was because of a scrivener's error that its accountant committed at the time of the company's organization on October 5, 2009. Nevertheless, it contends that service was improper because it was not a business address, residence, or other address of the company. However, for more than two years, Storm Damage Specialists did not correct the error or make any attempt to correct the information that was provided to the Secretary of State. And the Johnsons had no reason to suspect that

---

[1] Service of process on a corporation is controlled by Indiana Trial Rule 4.6 which provides that

(A)  Persons to be served. Service upon an organization may be made as follows:

    (1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.

(B)  Manner of service. Service under subdivision (A) of this rule shall be made on the proper person in the manner provided by these rules for service upon individuals.

Indiana Trial Rule 4.1 outlines the proper methods for service upon an individual:

(A)  In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:

    (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter.

service was improper because the return receipt was signed by someone at that listed address.

In Precision Erecting v. Wokurka, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994), this court determined that "nothing in the trial rules require[ed] that the individual to whom service of process is mailed be the one who signs the return receipts in order for service to be effective. Rather, the rule requires only that service be sent by certified mail to the proper person." Also, as noted above, Indiana Trial Rule 4.15(F) provides that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond."

In this case, the Johnsons complied with our rules of trial procedure when they sent the complaint and summons to Storm Damage Specialists's acknowledged registered agent at the address it provided to the Indiana Secretary of State. In our view, the fact that the registering of that particular address is claimed to be a scrivener's error on the part of Storm Damage Specialists' accountant is a burden that should be borne by the company.

Precision had appealed the trial court's denial to set aside a partial default judgment, claiming lack of personal jurisdiction based on insufficient service of process. Id. at 473. Precision had named Todd Anson as its registered agent listed with the Secretary of State's Office. Anson received service of the summons and complaint via

10

certified mail, telephoned Precision's office, and advised them of the pending lawsuit. He failed to provide further specific information or forward the papers to Precision as requested. Id. After Precision failed to appear or file a responsive pleading, the plaintiff filed for a default judgment that the trial court granted. Id.

Similar to the circumstances in this case, Precision raised the issue that Anson had not consented to, nor was he aware, that he was a registered agent. The basis of the argument was that Anson had failed to forward the summons and complaint. However, we determined that "the risk of a breakdown in communication between Precision and Anson is one that should be borne by Precision, not a third-party complainant." Id. at 474.

The Precision Erecting court also referenced Buck v. P.J.T., 394 N.E.2d 935 (Ind. Ct. App. 1979), an insurance case that affirmed a default judgment where the defendant was served via certified mail and the return receipt was signed by someone else. Precision Erecting, 638 N.E.2d at 474. More particularly, it was observed that

> Service delivered by United States mail, postage prepaid, as certified mail with a return receipt satisfies the methods of due process. No contention is made that the information contained was inadequate or that inadequate time to respond was provided. Since actual delivery to the party is not jurisdictionally necessary, Buck's argument that the court failed to acquire personal jurisdiction fails.

Id.

Here, the evidence shows that the effective date of the Storm Damage Specialists' organization with the Secretary of State was October 5, 2009. The Johnsons located this

same information over two years later when filing their complaint by locating it on the internet. Indeed, it appears that Storm Damage Specialists had two years to correct any scrivener's error that might have occurred. Additionally, while Storm Damage Specialists claimed through the affidavit of James Kennedy, "At this time, neither [Kennedy] nor Storm Damage Specialists . . . has any idea as to who might own, lease, use, or otherwise occupy the property at 3400 W. 15th Ave., Gary, Indiana 46404," Storm Damage Specialists has not clarified whether it had any form of presence at that address previously or why or how that address was "mistakenly" registered through a formal process with the Secretary of State. Appellant's App. p. 28.

Also, there is no requirement under the trial rules that the Johnsons are required to serve a business at an address other than the one registered with the Secretary of State. Accordingly, we believe that service upon the address located at 3400 W 15th Ave., Gary, Indiana, 46404, was proper under the trial rules. The notice was reasonably calculated to inform Storm Damage Specialists that an action has been instituted against it, the name of the court, and the time in which it was required to respond in accordance with Indiana Trial Rule 4.15(F). Moreover, any scrivener's error that might have occurred when Storm Damage Specialists filed with the Secretary of State should not be borne by the Johnsons.

In sum, we cannot say that the trial court abused its discretion in refusing to set aside the default judgment on the basis of lack of personal jurisdiction.

12

## II. Damages

Storm Damage Specialists next claims that the trial court erred in awarding the Johnsons damages in an amount exceeding that which is permissible under the Crime Victim's Relief Act.[2] Storm Damage Specialists maintains—and the Johnsons concede—that the trial court erred in quadrupling, rather than trebling, the compensatory damages that were awarded. Thus, both parties agree that this cause should be remanded for the trial court to correct the judgment in this regard.

Indiana Code section 34-24-3-1, the Crime Victim's Relief Act, states in relevant part:

> If a person has an unpaid claim on a liability that is covered by IC 24-4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
>
> > (1) An amount not to exceed three (3) times:
> >
> > (A) the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or
> > . . .
> >
> > (2) The costs of the action.
> >
> > (3) A reasonable attorney's fee.

In this case, the trial court ordered Storm Damage Specialists to pay compensatory damages totaling $4,224.78 plus treble damages in the amount of $12,674.34. Appellant's App. p. 50, 64-65. This was improper because it appears that the trial court

---

[2] Ind. Code § 34-24-3-1.

violated the provisions of Indiana Code section 34-24-3-1 when it quadrupled the amount of compensatory damages. As a result, the amount of the damage award must be reduced by $4,224.78.

### III. Attorney Fees

Storm Damage Specialists next argues that the trial court erred in ordering it to pay $6,625 to the Johnsons in attorney fees. Specifically, Storm Damage Specialists argues that the amount awarded was "extraordinary" and should be reduced to the "bare minimum." Appellant's Br. p. 23-24.

When reviewing an award of attorney fees, we apply the clearly erroneous standard to factual determinations, review legal conclusions de novo, and determine whether the decision to award fees and the amount of the award constituted an abuse of the trial court's discretion. H & G Ortho, Inc. v. Neodontics Int'l., 823 N.E.2d 734, 737 (Ind. Ct. App. 2005). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id.

In deciding to award attorney fees, a trial court may look to the responsibility of the parties in incurring the attorney fees, and the trial judge may also rely on personal expertise that he or she may use when determining the reasonableness of the fees. Id. In determining whether a fee is reasonable, the trial court may consider such factors as the hourly rate that is charged, the result achieved, and the difficulty of the issues involved in the litigation. Id.

14

In Weiss v. Harper, 803 N.E.2d 201, 208 (Ind. Ct. App. 2003), this court outlined the factors that should be considered in determining the reasonableness of attorney fees, based on Indiana Rule of Professional Conduct 1.5(a), including:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> . . .
>
> (3) the fee customarily charged in the locality for similar services;
>
> (4) the amount involved and the results obtained; [and]
>
> . . .
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services. . . .

In this case, the Johnsons submitted at the damages hearing an affidavit itemizing the attorney fees for time spent on this case, including the time spent in court. Ex. 14, 14A. The trial court specifically determined that the twenty-five hours and forty-four minutes set forth in the affidavit were reasonable for an attorney representing a client and were not excessive. Id.; Tr., p. 12. The trial court also found that the $250 hourly rate was reasonable in this case.

The Johnsons sought treble damages and undertook to prove wrongful conduct on the part of Storm Damage Specialists to justify such an award. Counsel prepared for an evidentiary hearing on damages and presented evidence as to the amount of money over which Storm Damage Specialists wrongfully exercised control.

In light of these circumstances, our review of the record establishes that the delineation of time and the amount charged by the Johnsons' counsel as set forth in the affidavit supports the amount of attorney fees that the trial court awarded. As a result, we decline to set aside that award or reduce the amount.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for a correction of the judgment and for further proceedings consistent with this opinion.[3]

RILEY, J., and BARNES, J., concur.

---

[3] Because we are remanding this cause for a correction of the judgment, the trial court may hear evidence as to the amount of appellate attorney fees that the Johnsons might be entitled. See Wagner v. Wagner, 491 N.E.2d 549, 555 (Ind. Ct. App. 1986) (observing that a trial court is not deprived of jurisdiction to award appellate attorney fees).