## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
May 11 2015, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEYS FOR APPELLANTS

David Van Gilder
Andrew P. Simmons
Van Gilder & Trzynka, P.C.
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Samuel W. Jarjour
Fort Wayne, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Senad Keserovic and M1 Transport, LLC,

*Appellants-Defendants,*

v.

SET Transport, LLC,

*Appellee-Plaintiff.*

May 11, 2015

Court of Appeals Case No. 02A04-1410-CC-498

Appeal from the Allen Superior Court; The Honorable Nancy Eshcoff Boyer, Judge; 02D01-1401-CC-161

**May, Judge.**

[1] Senad Keserovic (Keserovic) and M1 Transport, LLC (M1) appeal the denial of their motion to set aside default judgment and request for relief from judgment.

[2] We affirm.

## Facts and Procedural History

[3] On October 14, 2013, SET Transport, LLC (SET) contracted with Keserovic and M1 to repair a 2007 Volvo 670 semi-tractor (Volvo). SET paid Keserovic and M1 for the repair on November 26, 2013. On December 4, 2013, on its first trip after the repair, the Volvo suffered a catastrophic engine failure. The mechanic who examined the Volvo at that time concluded the failure was due to a negligent repair performed by Keserovic and M1.

[4] On December 30, 2013, SET sent a demand letter to Keserovic and M1 at 5506 Riviera Drive, Fort Wayne, Indiana (Riviera Drive Address) via certified mail, return receipt requested. On January 9, 2014, Keserovic contacted SET's attorney in response to the demand letter. He denied repairing the Volvo and indicated he would retain an attorney regarding the matter.

[5] On January 13, 2014, SET sued Keserovic and M1. It served Keserovic and M1 at the Riviera Drive Address, as it was listed with the Secretary of State as the address of M1's registered agent. Both summonses were marked "unclaimed" and returned to the Clerk of the Allen Superior Court. On February 18, 2014, the Clerk issued an Alias Summons directing the Sheriff to make personal service on Keserovic and M1 at the Riviera Drive Address. The

Sheriff left notice for Keserovic and M1 at the Riviera Drive Address, and mailed copies of the summons to the Riviera Drive Address.

[6] On March 28, 2014, SET filed a motion for default judgment and mailed notice of the motion to the Riviera Drive Address. The notice was not returned. On May 14, 2014, the trial court granted SET's motion for default judgment and scheduled a hearing regarding damages for June 16, 2014. Notice of the damages hearing was served to the Riviera Drive Address, and there was no evidence to indicate it was not delivered. After the hearing the trial court ordered Keserovic and M1 to pay SET $39,296.00 in damages. The order was sent to Keserovic and M1 at the Riviera Drive Address, and it was not returned.

[7] On August 14, 2014, Keserovic and M1 filed a motion to set aside judgment and request for relief from judgment or order, arguing lack of service and meritorious defense to SET's claim. SET responded and the trial court held a hearing on the matter on August 29, 2014. On September 29, 2014, the trial court denied the motion to set aside judgment and request for relief from judgment.

## Discussion and Decision

[8] The decision whether to grant a Trial Rule 60(B) motion is left to the equitable discretion of the trial court, and is reviewable only for abuse of discretion. *Shotwell v. Cliff Hagan Ribeye Franchise*, 572 N.E.2d 487, 489 (Ind. 1991). An abuse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the

inferences that may be drawn therefrom. *In re Paternity of P.S.S.,* 934 N.E.2d 737, 741 (Ind. 2010). We will not reweigh the evidence in conducting this review. *Shotwell*, 572 N.E.2d at 489.

[9] The burden is on the movant to show relief under Rule 60(B) is both necessary and just. *Fairrow v. Fairrow*, 559 N.E.2d 597 (Ind. 1990). Such motions are not a substitute for a direct appeal. *P.S.S.*, 934 N.E.2d at 740. A motion for relief from judgment may be granted due to "mistake, surprise, or excusable neglect." Trial Rule 60(B)(1).

[10] Keserovic and M1 argued they were entitled to relief under T.R. 60(B) because they did not receive notice of SET's claim against them. Despite the fact the address to which service was sent, the Riviera Drive Address, was the registered address of M1 Transport, Keserovic and M1 argued notice should have been served at Keserovic's home address or at the address of the location from which the claim arose. SET presented evidence Keserovic and M1 had received the demand letter that SET sent to the Riviera Drive Address one month before filing the claim, the Riviera Drive Address was listed with the Secretary of State as the business address for M1 Transport, and Keserovic was listed as the owner of the Riviera Drive Address.

[11] The trial court found:

> 3)     The Summons and Complaint were sent by certified mail to
>        both Defendants at 5506 Riviera Drive, Fort Wayne, Indiana,
>        46823. Both were returned to the Allen County Clerk's Office
>        as "unclaimed" on or about February 14, 2014.

4) An Alias Summons and Complaint were left by the Sheriff, D service, at 5506 Riviera Drive on February 20, 2014. On December 13, 2013, a Demand Letter was sent by Plaintiff to Keserovic individually and as the Registered Agent.

5) The Demand Letter sent by certified mail was received and signed for on December 31, 2013 at 5506 Riviera Drive, Fort Wayne, Indiana.

6) Keserovic was and is the recorded owner of 5506 Riviera Drive, Fort Wayne, Indiana, and 5506 Riviera Drive was and is the address for the Registered Agent for M1 Transport.

7) On March 28, 2014, Anitra Codling, Plaintiff counsel's assistant, mailed the Motion for Default Judgment to Keserovic and M1 Transport at the 5506 Riviera Drive, Fort Wayne, Indiana, 46825 address via first class U.S. mail. It was not returned to the sender.

8) The Summons and Complaint were delivered to the address of the Registered Agent. This address was the one registered with the Secretary of State.

9) Defendants have never changed the Registered Agent information on file with the Secretary of State.

10) Defendants' own negligence and failure to comply with the requirements of the Secretary of State prevented service by certified mail.

11) Defendants had constructive, if not actual, notice of the proceedings.

(App. at 54-55.)

Keserovic and M1 argue the trial court's finding they had "constructive, if not actual, notice of the proceedings," (*id*.), did not satisfy due process requirements. In support of this argument, they cite *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992), in which we held: "Due process requires service of notice in a manner that is reasonably calculated to inform the defendant of the pending lawsuit. Actual notice derived from a source other

than service of process does not satisfy the due process requirement." However, *Washington* supports SET's argument it comported with the requirements of due process, because using the address registered with the Secretary of State is a "manner that is reasonably calculated to inform the defendant of the pending lawsuit." *See Storm Damage Specialists of America v. Johnson*, 984 N.E.2d 660, 665-6 (Ind. Ct. App. 2013) (service at address registered with the Secretary of State was due process).

[12] Keserovic and M1 also dispute the evidence SET presented to prove its good faith belief the Riviera Drive address was correct. Their argument is an invitation for us to reweigh the evidence, which we cannot do. *See Shotwell*, 572 N.E.2d at 489 (appellate court cannot reweigh evidence on appeal). We affirm the decision of the trial court.

[13] Affirmed.

Barnes, J., and Pyle, J., concur.